BILLIE B. SVOBODA ET AL., APPELLEES, V. RALPH O. DEWALD, APPELLANT.

84 N. W. 2d 211

Filed July 5, 1957. No. 34178.

W. O. Baldwin and *Healey, Davies, Wilson & Barlow*, for appellant.

*Robert B. Waring* and *John C. Gewacke,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover a commission for the sale of real estate. The jury returned a verdict for $4,450.97. The defendant has appealed from the judgment rendered thereon.

The plaintiffs are copartners engaged in the business of selling real estate at auction. The plaintiff Billie B. Svoboda is also a licensed real estate broker. The defendant was the owner of a quarter section of land in Jefferson County. On or about May 1, 1952, defendant entered into an oral agreement with Billie B. Svoboda by which plaintiffs were to advertise and conduct the sale of the land at public auction. Plaintiffs were to pay all the expenses. Plaintiffs allege that the agreement was that if the land did not sell for $20,000, plaintiffs were to receive no compensation. If the land sold for more than $20,000 plaintiffs were to receive 2 percent

of $20,000 and any amount in excess of $20,000. The land was sold at public auction for $23,150 and plaintiffs claim a commission of $3,550.

A demurrer was filed to the petition on the ground that no cause of action was stated because of noncompliance with the statute of frauds. The trial court sustained the demurrer and, upon failure of plaintiffs to further plead, the action was dismissed. An appeal was taken to this court and the judgment of the district court was reversed and the cause remanded for a new trial. Svoboda v. De Wald, 159 Neb. 594, 68 N. W. 2d 178. The effect of the holding of this court was that the petition stated a cause of action. The defendant filed his answer in the district court denying that the alleged agreement had been made and denying further that any contract in writing had been entered into as required by the statute of frauds. It was upon these issues that the case was submitted to a jury.

The evidence of Billie B. Svoboda is as follows: Before the sale was held he procured a uniform sale agreement consisting of the original form on white paper and two copies, one on pink paper designated as a duplicate copy and the other on yellow paper designated as a triplicate copy. He caused the description of the land and some of the customary terms of sale to be typed thereon, using carbor paper on the duplicate and triplicate copies. After the sale was held, the name of the purchaser was inserted, the amount and terms of payment were written in, certain corrections made, and the signatures of the seller, purchaser, and the real estate agent were attached thereto. The duplicate and triplicate copies were caused to show all of the foregoing, including the signatures thereto, by the use of carbon paper inserted between such original and the copies. The foregoing facts are not in dispute.

The record shows that the amount of the commission was not inserted in the original uniform purchase agreement. This was not done for the reason that it is not

customary to thus advise the purchaser of the amount of the commission being paid. The plaintiff, Billie B. Svoboda, testified that he inserted the amount of the commission in the duplicate and triplicate copies and that he specifically pointed out such amount to the seller before he signed the original copies. This is denied by the seller. This raised a question of fact for the jury which it resolved in favor of the plaintiffs. Under the holding of this court in the former appeal, Svoboda v. De Wald, *supra*, the contract met the requirements of the statute of frauds and it was binding upon the defendant if he signed it with knowledge of its contents and intended it as a binding agreement. The jury found from the evidence that defendant signed the uniform purchase agreement with knowledge that the amount of the commission was inserted in the duplicate and triplicate copies. It is the function of the jury to resolve conflicts in the evidence. It performed this function and though the evidence was in direct conflict, it is sufficient to sustain the jury's finding.

It is clear that the original uniform purchase agreement contained no contract in writing fixing the commission to be paid the plaintiffs. No one contends that it does. The plaintiffs contend that the duplicate and triplicate copies of the purchase agreement contain the written agreement meeting the requirements of the statute of frauds governing the compensation of a real estate agent or broker for selling lands. § 36-107, R. R. S. 1943.

It is the position of the defendant that the trial court erred in refusing to give defendant's requested instruction No. 1 in dealing with the issue presented. The requested instruction was as follows: "The jury is instructed that with reference to the alleged written contract the burden is upon the plaintiffs to prove, by a preponderance of the evidence, that at the time the defendant signed such contract the figure of $3,550 had been inserted and that the defendant knew that the

figure of commission in the amount of $3,550 had been inserted in the alleged contract by the plaintiffs, and that the defendant thereupon executed the same. Unless such facts are proved, by a preponderance of the evidence, or if the evidence on such issue is evenly balanced, then your verdict should be for the defendant." The tendered instruction is a correct statement of the law applicable to the evidence in the case. The question for us to determine is whether or not the trial court adequately covered the substance of the instruction in the instructions given to the jury.

The issues as shown by the pleadings were fully set forth in the court's instruction No. 1. By instruction No. 2, the trial court instructed the jury upon the facts which the plaintiffs were required to prove by a preponderance of the evidence in order to recover, including an agreement in writing by the plaintiffs and defendant by which the latter agreed to pay a commission of $3,550. By instruction No. 5, the court instructed the jury in part as follows: "A contract or agreement entered into by the owner of real estate and the broker or agent selling the same, in order to be binding on the parties thereto, must contain the following essential elements, to-wit: (1) That the contract or agreement between the land owner and the agent or broker must be in writing. (2) The contract or agreement between the real estate owner and the agent or broker must be signed by both of them. (3) The said contract or agreement must describe the real estate owned by the owner which is to be sold by the agent or broker. (4) The said contract or agreement must set forth the compensation to be allowed by the owner to the agent or broker, if the real estate is sold by the agent or broker." The court then told the jury that elements (1), (2), and (3) were conclusively established and with reference to element (4) the court further instructed the jury in part as follows: "The only issues for you to determine from the evidence are: (1) Whether or not the signa-

tures of the owner of the real estate and the agent or broker were placed thereon by them and each of them with the intent and knowledge to be bound thereby. (2) That the amount of compensation, to-wit: $3,550 was agreed upon by them. If you find, by a preponderance or greater weight of the evidence, that the owner of the real estate and the plaintiffs, as agents or brokers, have each placed their signature on the instrument with the intent and knowledge to be bound by the terms thereof at the time the signatures were affixed thereto, and agreed upon the amount of the compensation or commission, then your verdict should be for the plaintiffs. * * *."

The cited portions of the court's instructions advised the jury that the contract under consideration was that between the defendant as owner of the real estate and the plaintiffs as agents or brokers. The jury was told that such contract must be in writing and must set forth the amount of compensation to be paid to the plaintiffs. The court then told the jury that if the signatures were placed on the written agreement with the intent and knowledge to be bound thereby and that the amount of compensation was agreed upon, the verdict should be for the plaintiffs.

We think the instructions considered as a whole adequately informed the jury that it must find, if plaintiffs were to recover, that the agreement must be in writing and contain, among other things, the amount of the compensation to be paid at the time the written agreement was signed and that both parties knew that the amount of compensation was therein stated when they signed it.

The jury could not have been misled by the wording of the instructions. It knew that the contract referred to was that between the owner of the lands sold and the agent or broker. The necessary elements to be contained in that contract were set out and from them the jury knew that the amount of compensation was required

to be stated in the written agreement at the time it was signed. The jury was further told that the written contract must have been signed with the intent and knowledge to be bound by it, and since the jury had already been instructed that the amount of compensation had to be stated in the written agreement, we cannot say that it was in any way misled by the form of the instructions or the language used therein. It is a firmly established rule that error may not be predicated upon the refusal to give a tendered instruction where the court has covered the substance of the one tendered by other instructions. Bailey v. Spindler, 161 Neb. 563, 74 N. W. 2d 344; Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677. We think the instructions considered as a whole fully and fairly submitted the issues to the jury.

The evidence of the plaintiffs is that the defendant in signing the original agreement intended to bind himself to pay the compensation stated on the duplicate and triplicate copies. This is denied by the defendant. Defendant contends that since the jury was required to determine if the amount of compensation was contained in the agreement at the time it was signed by resolving conflicting parol evidence, it fails to meet the requirements of section 36-107, R. R. S. 1943. We do not concur with this view. If there had been but one copy of the agreement between the parties, a defense that a part was inserted after the signing would present a jury question where the evidence thereon is in conflict. In the instant case the original uniform purchase agreement was executed and delivered to the purchaser of the land. The purchaser had no interest in the amount of compensation being paid to the agent or broker. In fact, it is a matter that the landowner and his agent or broker usually do not care to reveal to the purchaser. Since the original uniform purchase agreement is delivered to the purchaser, it does not appear illogical for the written agreement between the landowner and the agent or broker to appear on the duplicate and triplicate copies

which are retained by these parties. Since the agreement between the landowner and the agent or broker is wholly contained in the duplicate and triplicate copies, the latter have no relation to the original insofar as the agreement of the owner and the agent or broker is concerned. If, under such circumstances, it be established that a written agreement meeting the requirements of the statute has been executed on a copy, it is the copy containing such purported agreement that will be scrutinized. A defense that a subsequent insertion has been made, or that defendant did not know of the insertion when he signed it, will no more defeat the claim as a matter of law than if such defense had been made against a contract consisting of a single instrument.

In the present case the jury found that the duplicate and triplicate copies contained the amount of compensation when they were signed and that defendant had knowledge of that fact. His claim that he at no time entered into a written contract with plaintiffs setting forth the compensation to be allowed by the owner in case of a sale by the broker or agent presented an issue of fact for a jury. Since a jury has resolved the conflicts in the evidence in favor of the plaintiffs, and the evidence is sufficient to sustain the jury's finding, no reason exists for this court to interfere with the judgment rendered thereon. Since no prejudicial error appears in the record, the judgment of the district court is affirmed.

AFFIRMED.