JAMES F. O'NEILL ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

118 N. W. 2d 616

Filed December 14, 1962. No. 35277.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Asa A. Christensen, and Willis L. Strong, for appellant.

Webb, Kelley, Green & Byam, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.
This is an action growing out of an award of the appraisers appointed by the county judge of Douglas County, Nebraska, wherein in an action for condemnation of real estate instituted by the State of Nebraska, Department of Roads, lands of James F. O'Neill and Lorraine O'Neill were condemned, appraised, and the valuation fixed.

James F. O'Neill and Lorraine O'Neill as plaintiffs appealed to the district court for Douglas County, Nebraska, on the ground that the valuation fixed was insufficient. There were other parties plaintiff but they have no interest in the action at this time. The O'Neills will be referred to hereinafter as plaintiffs. The State of Nebraska, Department of Roads, was defendant, and for the purposes of this opinion will be so referred to.

A trial was had to a jury in the district court and a verdict was returned in favor of the plaintiffs for $59,780. The appraisal from which the appeal had been

taken was $45,500. Judgment was rendered on the verdict and thereafter a motion for new trial was filed by the defendant. This motion was overruled. From the judgment and the order overruling the motion for new trial the defendant has appealed.

The brief of the defendant contains six assignments of error. These assignments interrelatedly present the subject of admissibility and weight of evidence. In other words the only questions involved on this appeal are related to admissibility and sufficiency of evidence.

The original proceeding was instituted February 25, 1960, to condemn totally a rectangular tract of land containing 28 acres. It extends about 870 feet north and south on the east side of Sixtieth Street, a street which extends southward from the city of Omaha along the west side of this area, and about 1,400 feet to the eastward. It is bounded on the south by the Union Pacific Railroad right-of-way and tracks. It is bounded on the north and east by properties variously classified not necessary to describe here. Descriptions of the topography appear in the evidence but it is not deemed necessary to set these out here. The land was at the time of the taking used for pasture and the production of crops, except about nine acres in the northwest corner which were used as a cattle feeding lot. The entire area was zoned by the city of Omaha, Nebraska, as second suburban. The record does not contain an authentic description of use of a second suburban area, but there is an accord that such an area is not zoned for industrial or residential uses but that it is an area within the zoning power of the city without a specifically described purposeful use. One witness described it as a residual or a holding zone territory. A witness testified in effect that such a zone must be within 3 miles of the city limits. This is not disputed.

As pointed out this case was tried to a jury and the plaintiffs called two witnesses each of whom gave his opinion as to the value of this property at the time of

condemnation. Each testified that it had a value of $77,000. The ability, capacity, and competency of these witnesses to testify as to value has at no place in the record been questioned. No objection as to the admissibility of the testimony at the time it was given appears.

Each of these witnesses was a man of extensive experience and knowledge in the fields of appraisal and valuation of real estate and in particular in the city of Omaha and its environs. The record discloses that in arriving at his opinion as to the value testified to, each of them took into consideration the location of the area, its size, depth, width, topography, trends in development in the direction of this real estate, the trends in industrial and residential growth and use, and potential for early use for these purposes. They also took into consideration, as the record discloses, their knowledge as men of experience and information as to transactions in the area and in the vicinity, and on these things they arrived at their opinions as to the value of this property.

By assignment of error the defendant urges that the court erred in permitting plaintiffs' witness, H. James Grove, to give his opinion of the value of the property in question for the reason that the opinion was based on the assumption and speculation that the property would be rezoned for industrial uses.

By isolation of a certain area of examination it could be asserted that the opinion was thus narrowly based but when his testimony is fully presented it becomes readily apparent that the contention is without merit. Specifically he based his opinion on comparable sales, that at some time it could be rezoned, its reasonable probable potential uses, and zoning at the time bearing in mind recognition of probable imminence of rezoning, plus knowledge of real estate. All of the elements mentioned here as the foundation on which the opinion of the witness was given were proper to be considered by him in the giving of his testimony. In addition to a consideration of the elements mentioned the witness

gave testimony as to need for putting the area in condition for residential and industrial use and considered all of these things in his opinion as to the value at the time of condemnation.

It is of course true that involved was an entry into the realm of speculation, but it is one which is not condemned.

In Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168, it was said: "Witnesses should not be allowed to give their opinions as to the value of property for a particular purpose, but should state its market value in view of any purpose to which it is adapted. The condition of the property, and all its surroundings may be shown and its availability for any particular use. If it has a particular adaptation for certain uses, this may be shown, and if such peculiar adaptation added to its value the owner is entitled to the benefit of it. But when all the facts and circumstances have been shown, the question at last is, what is it worth in the market?" See, also, Langdon v. Loup River Public Power Dist., 142 Neb. 859, 8 N. W. 2d 201; Sump v. Omaha Public Power Dist., 168 Neb. 120, 95 N. W. 2d 209; Leffelman v. City of Hartington, 173 Neb. 259, 113 N. W. 2d 107; State v. Mahloch, *ante* p. 190, 116 N. W. 2d 305.

The testimony of this witness, instead of being on a basis of assumption and speculation, was based upon all of the precepts declared in the foregoing quotation. It follows that the contention of the defendant as to this assignment of error is not meritorious.

The next assignment of error to be considered is that the court erred in admitting in evidence the sale price of two tracts of land. The purpose of this evidence was to show the market evaluation of other comparable land to aid the jury in arriving at the value of this land.

The two tracts were fully described as to condition, location, and use, and in the opinion of the witness they were subject to comparison for the purpose of arriving

at market value. The district court admitted this evidence and this court cannot well say that it erred in so doing.

In Langdon v. Loup River Public Power Dist., 142 Neb. 859, 8 N. W. 2d 201, it was said: "Evidence of the price at which other lands have been sold is admissible in evidence in condemnation proceedings on the question of damages where such evidence is predicated upon sufficient foundation to furnish a criterion for market or going value of land condemned." In the opinion in this case the following observation was made which was approved in Lynn v. City of Omaha, 153 Neb. 193, 43 N. W. 2d 527: "It seems that there could be no better evidence of the true market or going value of land than the price paid for other, similar and similarly situated land sold at about the same time when, by evidence, it is shown that the price so paid for the other lands depends upon market or going value rather than other considerations."

Another contention which the defendant asserts as ground for reversal is that the court erred in refusing to strike the testimony of Alfred C. Kennedy, a witness who testified as an expert, that in his opinion the real estate involved was of the value of $77,000. The witness related his qualifications which were substantially the same as those of the witness Grove. There were departures but there can be no doubt that proper and sufficient qualifications were recited.

The error alleged is that the testimony as to value was improper for the reason that it was based upon evidence which had been held inadmissible by the trial court. The point of the contention is that the plaintiffs had attempted to adduce evidence or prices paid for other real estate in this general area and were not allowed to do so. Evidence of these sales never got into the record. This witness gave his opinion as to value and in arriving at that opinion, along with all other evidence bearing on the question of value, con-

sidered his own personal knowledge of sales made and the prices paid in the adjacent areas.

There is no evidence the effect of which is to say or imply that his opinion as to value depended or even was influenced by his knowledge of these sales. His own testimony is to the contrary. No case or text is cited which under such circumstances as are disclosed by the record sustains the contention of the defendant.

By another assignment of error the defendant urges that it was unduly restricted in the cross-examination of the plaintiff James F. O'Neill and the witness Kennedy, with reference to the purchase of the land here involved. There is no basis in the record for this assignment of error. These two witnesses were permitted to testify as to the date of purchase by the plaintiffs. They were prevented by objections of the defendant which were sustained by the court from going into any detail as to the price paid. It does not appear necessary to cite authorities to sustain a conclusion that the restriction on cross-examination which was imposed was proper.

The defendant asserts that the verdict of the jury is clearly excessive and against the weight and reasonableness of the evidence. In the determination of this question certain legal pronouncements have been made which must be regarded as controlling.

In Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168, it was said: "When the evidence is conflicting the verdict of the jury will not be set aside, unless it is shown to be clearly wrong." See, also, Biggs v. Gottsch, 173 Neb. 15, 112 N. W. 2d 396.

In Smith v. Platte Valley Public Power & Irr. Dist., 151 Neb. 49, 36 N. W. 2d 478, it was said: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced there-

from." See, also, Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551.

On the question of the value of the property plaintiffs, as has been pointed out, presented two witnesses. Also as pointed out, each of these testified to a value of $77,000. Three expert witnesses testified as to value on behalf of the defendant. One of these testified that in his opinion it had a value of $45,000. Each of the other two fixed the value at $42,000. Incidentally the valuation from which the appeal was taken to the district court was $45,500. The jury by its verdict, as stated, fixed the value at $59,780.

It is pointed out here that there is much discussion in the evidence and the briefs relating to the character, quality, and suitability of this land for use and change of use, the possibility and probability of application for and granting of rezoning, and the probable cost of providing necessary facilities, the changing of the contour of the land, and the protection of boundaries. The defendant's witnesses took these matters into consideration in arriving at their estimate of value. The plaintiffs' witnesses also took them into consideration. Their positions were directly opposite.

Impropriety of the consideration of the testimony of the witnesses of the plaintiffs in these areas and in the other areas bearing on the question of values is discussed, but there is no assignment of error which either actually or by reasonable inference challenges the right to allow these matters to be employed by the jury in its determination of value. The evidence was before the jury and on it and the counterevidence of the defendant, a verdict was returned.

There is nothing in the evidence of the parties which under the principles of law which have been set out herein would permit this court to say that the verdict of the jury was clearly against the weight and reasonableness of the evidence.

The last assignment of error is that the court erred

in overruling the motion for new trial. No particulars are set forth in the assignment or in the discussion in the brief. For this reason and pursuant to Rule 8a 2(4) of the Revised Rules of the Supreme Court, it will not receive further consideration herein.

For the reasons set forth herein the judgment of the district court is affirmed.

AFFIRMED.