MERRIL R. RELLER ET AL., APPELLEES, V. CITY OF LINCOLN, NEBRASKA, APPELLANT.

119 N. W. 2d 59

Filed January 11, 1963. No. 35204.

Ralph D. Nelson, Henry L. Holst, and Hal B. Hasselbalch, for appellant.

John McArthur, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is a condemnation action brought by the City of Lincoln, appellant herein, against the appellees Merril R. Reller and Virginia Reller, husband and wife, to condemn an easement across the premises of the appellees to construct a line of sewer known as the Havelock Interceptor Sewer.

Hereafter the City of Lincoln will be referred to as defendant city, and the Rellers as plaintiffs, as they were designated in the district court.

The condemnation action was originally begun in the county court of Lancaster County where it resulted in an award by the appraisers in favor of the plaintiffs of $1,000. The plaintiffs thereupon appealed to the district court for Lancaster County, Nebraska, where a trial to

a jury resulted in a verdict and judgment in favor of the plaintiffs for $6,500 damages.

A motion for new trial made by the defendant having been overruled, it has brought the case to this court on appeal.

The defendant alleges as error that the court abused its discretion and committed errors of law at the trial which were duly excepted to. The only errors which are assigned with any particularity are that the court erred in refusing to give instructions Nos. 2, 10, and 11, tendered by the defendant.

The errors urged with respect to the instructions will be hereinafter discussed. The defendant does not mention anything which can be inferred as an abuse of discretion by the trial court. In its brief it argues certain rulings in regard to the admission of evidence but because no reference to any particular ruling was made in the assignment of errors in this court or the motion for new trial filed in the district court, such errors, if any, will not be considered by us. "In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged." Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628.

The three tendered instructions have reference to the zoning regulations of the city of Lincoln applicable to plaintiffs' premises and affecting the marketability and the value thereof.

The plaintiffs' premises through which the easement was taken consists in all of 135 acres of contiguous lands with a somewhat irregular boundary located in Section 7, Township 10 North, Range 7 East of the 6th P. M. The centerline of the easement for the interceptor sewer enters the southern boundary of the westerly portion of the plaintiffs' land and runs through it on a straight line diagonally on a course of about 38° north of east, turn-

ing towards straight east a short distance before reaching the eastern boundary thereof.

The easement taken was a permanent easement 15 feet wide in which to place and maintain the sewer, and a temporary easement on a strip of land lying within 60 feet northwesterly and 40 feet southeasterly from the centerline of the permanent easement to be used and occupied during construction of the sanitary interceptor sewer, but not later than April 30, 1962.

There is a trailer park or camp on the plaintiffs' premises. It is a rather extensive development with several buildings in connection therewith, paved streets, and light, sewer, and water connections which the plaintiff Merril R. Reller testified cost $125,000. The major portion of the damages claimed by the plaintiffs was to this trailer court which the interceptor sewer crossed at the northwest corner and for some distance was not far therefrom. Plaintiff Merril R. Reller testified that great piles of earth were allowed to remain on the strip taken for temporary use which had not yet expired at the time of trial. Some of the trailer lots were covered with dirt. The drainage was blocked and parts of the trailer court were flooded. A well was destroyed which could not be relocated close to the sewer. A private sewer serving the trailer court and a commercial area had been interfered with. The whole of the trailer court had been damaged 10 percent. Most of this evidence was admitted without objection.

Most of the 135 acres on the plaintiff's premises aside from the trailer court and a small area along the Cornhusker Highway, being U. S. Highways Nos. 6 and 77, which formed the south boundary of the east 80 rods thereof, was farmland at the time of the taking. Plaintiffs claimed damages because the interceptor sewer cut through the farmland diagonally and Merril R. Reller testified that homes or other buildings could not be built or streets paved on top thereof. He said this land had greater value because of its availability for sub-

dividing. He testified as to neighboring residential and commercial areas and that the land was suitable for subdivision.

The defendant city introduced testimony of values but a considerable portion of its evidence turned on matters connected with the zoning ordinances of the City of Lincoln as affecting the plaintiffs' land and its availability for subdivision, as testified to by Reller. Also it questioned the right of plaintiffs to maintain the trailer court in its present location under the theory that it affected the right to recover damages.

The provisions of the municipal code of the City of Lincoln containing the zoning ordinance as it existed at the time of the taking was placed in evidence by the defendant city, with the plat showing the boundaries of the various districts zoned at that time. The plaintiffs' premises all lying outside of the corporate limits of the City of Lincoln but within 3 miles thereof were zoned thereby under section 15-902, R. R. S. 1943.

Plaintiffs' premises were in two zoning districts. The portion within 200 feet of the Cornhusker Highway is zoned as "H-I" which is a highway business district concerning which there appears no dispute. It is a comparatively small portion of plaintiffs' property. All the remaining premises is zoned in district "AA" rural and public use district. The uses in district "AA" were restricted to farming, truck gardening, and nurseries; public grounds; buildings such as churches, schools, hospitals, etc.; and single family dwellings having an area of not less than 1 acre and with certain yard restrictions.

The trailer court is in district "AA" but such a use is not permitted therein by the provisions of the zoning ordinance in effect at the time of the taking. The section of the zoning ordinance which adopts the map showing the several zoning districts was enacted September 10, 1956, by the city. The section establishing the uses of premises in the "AA" district was adopted

February 20, 1956. Both sections purport to amend pre-existing sections which are not shown in evidence.

The evidence shows plaintiffs purchased their premises before these ordinances were in effect and there is testimony that they began construction of the trailer court beforehand also. It also appears that the trailer court was being improved or extended thereafter and that plaintiffs were seeking to extend it at the time of the taking. Just what was originally built and when certain portions were extended or added cannot be ascertained in many instances because the witnesses only indicated to what they referred by pointing to a plat.

There is a separate section of the municipal code describing the requirements of trailer camps and setting them out in some detail. It provides trailer camps may be authorized by permit from the city council in certain districts but not in "AA" districts. It is the only provision specifically mentioning them. The earliest such section shown in evidence went into effect February 15, 1960. The section amended a prior section not in evidence. What the previous section so amended provided prior to that time is not shown.

The city also introduced evidence that no plat of the trailer court, its lots, and roadways had been approved by the city apparently on the theory that approval of the city was also necessary before lots could be platted or roadways could be established therein. The trailer court was the private property of the owners. The lots were to be rented by the proprietor of the court to trailer owners. It appears no subdivision or dedication of roadways or sale of lots to others was contemplated and the approval of plats under section 15-901, R. R. S. 1943, was not necessary. The plaintiffs were restricted by the zoning ordinance as it existed from platting or planning residential districts having lots less than an acre in area. However, plaintiffs appear to have owned more than 100 acres of farmland, and some residential areas in the outskirts of cities have residential districts

containing lots of that size. Apparently plaintiffs intended to subdivide them into lots of smaller size.

There was evidence introduced by both plaintiffs and defendant as to the possibilities of a change of the zoning but the testimony indicates no request or application for such a change had been made nor was any change under contemplation in the near future.

With this evidence before the court the defendant offered its instructions. Instruction No. 10 so tendered will not be set out here. It consisted of four typewritten pages, setting out verbatim sections 15-901, 15-902, and 15-903, R. R. S. 1943. It was refused and the court ruled rightly in so doing. The statutes copied therein covered various matters, including platting of subdivisions, regulating, zoning, and construction of buildings, and establising zones of trade and industries. Much of the matter was wholly irrelevant and would serve only to confuse the jury. Zoning and platting were but collateral matters going to the extent of the damage and should not be given such emphasis in the instructions. In Dunn v. Omaha & C. B. St. Ry. Co., 139 Neb. 765, 298 N. W. 741, this court stated: "The court is not required to give a proffered instruction upon a subordinate issue, or which unduly emphasizes a part of the evidence in the case."

Instruction No. 2 requested by the defendant city was as follows: "Existing valid zoning ordinances may prescribe or limit those uses which may be considered in proving value. If you find from a preponderance of the evidence that a reasonable probability exists that the ordinance may be changed in the near future, then you should consider evidence of the value of uses prohibited by the present zoning ordinance. On the other hand, if you find from the evidence that no reasonable probability exists that the classification set out in the ordinance could be changed in the immediate future, then you will not consider any evidence that has been offered in determining any enhanced value for the property for the uses that are prohibited by the zoning ordinance."

This instruction deals with the probability of changing the classification in the existing zoning ordinances. There was evidence that the zoning might be changed but other evidence indicated there was no change under consideration in the near future. The court's instruction given on its own motion, which is later set out, sufficiently states the law as tendered by the defendant in its instruction No. 2. There was no error in refusing to give the instruction. The defendant's tendered instruction No. 11 is as follows: "A city is a political subdivision of the state, created as a convenient agency for the exercise of such governmental powers of the state as may be entrusted to it by constitutional provision or legislative act.

"The Legislature may grant to municipal corporations the right to exercise police power beyond and within a prescribed distance of the municipal limits.

"The power granted to a city by state law to exercize (sic) zoning authority outside of the corporate limits is an enactment under the police power of the state. Zoning laws and ordinances incident thereto are generally for the welfare and health of the citizen under the police power of the state."

This instruction likewise could only unduly emphasize the importance of zoning in the controversy and minimize the principal duty of the jury to determine the damages to plaintiffs' lands. It is a statement of law taken from the case of Schlientz v. City of North Platte, 172 Neb. 477, 110 N. W. 2d 58. Though it may be a proper statement of the law it was neither necessary nor proper to give it to the jury. It was not necessary that it be informed of the power of the Legislature to grant nor the source of the city's power to exercise its zoning authority or that zoning ordinances were generally for the welfare and health of the citizens in this particular case. The refusal to give this instruction particularly in view of those the trial court gave and which we set out herein was not error.

A portion of instruction No. 4 given by the court on its own motion is as follows: "You are further instructed that in determining the fair and reasonable market value of the property in question, you must consider its value for any purpose for which it might reasonably be used, taking into consideration all of the uses and purposes to which it was adapted, as shown by a preponderance of the evidence, and any advantages or disadvantages, if any has been proven, that the property had by virtue of its position and situation, for any of the uses for which it was available. The adaptability for uses which may be considered must be reasonably probable and so reasonably expected in the immediate future as to affect the reasonable market value of the property at the time it was taken.

"The fair and reasonable market value is not what the property is worth soley (sic) for the purpose to which it was devoted by the owner, or its peculiar value to its owner for special reasons, nor for the purpose for which the party taking it proposes to use it, but it is the highest price the property would bring for any and all purposes to which it was devoted or adapted, and for which it is available, which is shown by a preponderance of the evidence."

It sets out the requirement that the uses to be considered must be those so reasonably probable and so reasonably expected in the immediate future as to affect the reasonable market value at the time of the taking or damaging. State v. Mahlock, *ante* p. 190, 116 N. W. 2d 305.

We think this portion of the court's instruction sufficiently sets forth that the jury should consider the use for which the property was available under the zoning ordinance. "Available" as used by the court had reference to the use to which the premises could be put under the zoning ordinance. "When the court adequately instructs upon an issue presented by the pleadings or evidence it is not error to refuse to give a tendered

instruction covering the same subject matter." Svoboda v. DeWald, 165 Neb. 50, 84 N. W. 2d 211.

We find that the substance of the proffered instructions Nos. 2 and 11 were given by the court without the objectionable features mentioned in those tendered.

The errors complained of cannot be sustained and the judgment must be affirmed.

AFFIRMED.

SIMMONS, C. J., not participating.