ETHEL L. LIEBERS ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE. SKYLINE FARMS CO., A NEBRASKA CORPORATION, OWNER, ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

159 N. W. 2d 557

Filed June 14, 1968. Nos. 36781, 36782.

Crosby, Pansing, Guenzel & Binning, Lawrence L. Reger, and Asa A. Christensen, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., James F. Petersen, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Here are two actions in eminent domain which were consolidated for purposes of trial and for submission to this court. The plaintiffs Liebers were the owners of a tract containing approximately 78 acres. The plaintiff Skyline Farms Co., a corporation, was the owner of a tract containing approximately 118 acres constituting that portion of a quarter section lying to the north and west of the Rock Island Railroad tracks which severed the southeast corner of the quarter. These tracts will hereinafter be referred to as the Liebers tract and the Skyline tract. The Skyline tract lies directly south of the Liebers tract, being separated therefrom by a county road and both tracts were adjacent to U. S. Highway No. 77. These properties are adjacent to the south edge of the city of Lincoln, the Liebers tract and the north 150 feet of the Skyline tract being within the city limits. The relocation of U. S. Highway No. 77 made it necessary for defendant to acquire additional land for right-of-way across the two tracts. Four and seventy-seven one hundredths acres adjoining old U. S. Highway No. 77 were taken from the east side of the Liebers tract, the part taken being considerably wider at the south boundary than it was at the north boundary of the Liebers tract due to a sweeping curve to the southwest across this property. The relocated highway straightened out as it entered the Skyline tract and ran generally on a straight line in a southwesterly direction across this tract, leaving a triangular area containing approximately 40 percent of the remainder lying to the north and west of the relocated highway. The balance of the tract remaining lies to the south and east of the relocated highway, being bounded on the east by old U. S. Highway No. 77 and on the southeast by the Rock Island Railroad right-of-way. Both tracts had been platted and subdivided for residential purposes, but at the time of the taking remained entirely unimproved and constituted raw farm lands.

On trial in the district court, the jury returned a ver-

dict for Liebers in the sum of $12,694 and for Skyline in the sum of $32,255. Plaintiffs filed motions for new trial in each case. These were overruled and they have appealed to this court. Three assignments of error are urged. It is contended that the trial court erred in giving the standard instruction on the burden of proof regarding the depreciation in value of those portions of the tracts remaining after the taking, in permitting defendant to introduce evidence of certain other real estate sales, and in restricting the cross-examination of an expert witness called by defendant.

In regard to the first assignment of error, it appears that defendant's witnesses, as well as those of the plaintiffs, conceded that there were consequential damages sustained by each of the two tracts by reason of a depreciation in their respective values as a result of portions thereof having been taken by defendant. The questioned instruction states that before plaintiffs can recover consequential damages, they must prove that: "(1) The severance of said tracts has caused a depreciation in the value of the property remaining after said severance, and (2) The amount of said depreciation in value, if any." It further directs that if plaintiffs have proved such propositions by a preponderance of the evidence, they are entitled to recover for consequential damages to the portions of the tracts not taken by defendant, but if the evidence thereon is equally balanced or preponderates in favor of defendant, plaintiffs cannot recover such damages.

Under the circumstances, it would, perhaps, have been the better practice had the trial court instructed that such damages had been established by the undisputed evidence and that it remained only for the jury to ascertain the amount or extent of such damages. It is, nevertheless, difficult to follow the contention of plaintiffs that the giving of the instruction misled and confused the jury to the prejudice of plaintiffs. Instructions must be considered together and if, when considered as a

whole, they correctly state the law, error cannot be predicated thereon. Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329. In this case, the court submitted the usual standard instructions which clearly stated that if the jury found that such consequential damages were incurred, plaintiffs were entitled to recover for any depreciation in value, as a result of the taking, of the portions of the tracts not taken by defendant. Under such circumstances, the jury clearly understood that if such damages existed, plaintiffs were to recover therefor. The fact that defendant conceded in its evidence, and doubtless also in its argument to the jury, that such damages had been incurred simply made the proposition clearer to the jury and insured plaintiffs recovery of such damages. It must be borne in mind that the same standard instructions are invariably used in every case where the question of consequential damages is a contested issue. These instructions have been repeatedly approved as making the right to recover for consequential damages clear to the jury. Under such circumstances, it cannot reasonably be contended that the giving of such instructions is capable of confusing and misleading the jury. How then, when the defendant *concedes* the presence of such damage, can such instructions be deemed to confuse and mislead the jury to the prejudice of plaintiffs? Obviously, no prejudice could result.

For their second assignment of error, plaintiffs contend that the trial court erroneously admitted in evidence the prices for which certain other tracts of land had been sold. On this point, this court has held: "Whether or not evidence of a comparable sale is near enough in point of time to furnish a test of the present value is a matter within the sound discretion of the trial court." Schmailzl v. State, 176 Neb. 617, 126 N. W. 2d 821. In O'Neill v. State, 174 Neb. 540, 118 N. W. 2d 616, it is stated: " 'It seems that there could be no better evidence of the true market or going value of land than the price paid for other, similar and similarly situated land

sold at about the same time when, by evidence, it is shown that the price so paid for the other lands depends upon market or going value rather than other considerations.'" In State v. Mahloch, 174 Neb. 190, 116 N. W. 2d 305, it is stated that: "The questions of admission of the sale prices of other land and the sufficiency of the foundation for their admission were within the sound discretion of the court." This court has repeatedly held that where the value of real estate is an issue, evidence of particular sales of other lands is admissible as independent proof on the question of value when a proper foundation has been laid indicating that the prices paid represented the market or going value of such lands; that the sales were made at or about the time of the taking by condemnation; and that the land so sold was substantially similar in location and quality to that condemned. See Langdon v. Loup River Public Power Dist., 142 Neb. 859, 8 N. W. 2d 201. In the present cases, the fact that the real estate experts who testified to the question of sales were duly qualified is conceded. A proper foundation was laid establishing that in each instance the sales had been made for the going or market value. The time when the sales were made and the fact that it was necessary to make some adjustment for the variation in real estate prices in the interim between the date of such sales and the date of the taking in the present cases were established. The properties were duly compared with those at issue in the present cases. The proximity of the respective tracts and of those at issue to other residential, commercial, or industrial developments, the topography, the drainage areas, the availability of public utilities, the existence of highways and railroads, and other features were pointed out and the advantages or disadvantages discussed. Under the circumstances, it does not appear that there was any abuse of discretion on the part of the trial court in admitting this evidence.

Plaintiffs' last assignment of error deals with an al-

leged restriction of plaintiffs' cross-examination of one of defendant's expert witnesses. Plaintiffs sought to impeach the evidence of this witness by questioning him in regard to the sale prices of certain other tracts of land in the general vicinity of plaintiffs' properties. In this manner, plaintiffs sought to introduce into evidence the sale prices of these tracts without establishing a proper foundation for such evidence. As hereinbefore pointed out, before such evidence is admissible, a proper foundation must be established. Plaintiffs, in this instance, neither attempted nor offered to establish that the sales were bona fide transactions for market value or the comparability of the several tracts with the lands of plaintiffs. Under such circumstances, evidence of the sale value of such tracts was clearly inadmissible and it was not permissible for plaintiffs to introduce this evidence by subterfuge through cross-examination.

No error appearing, the judgment entered by the district court in each of the cases involved herein is affirmed.

AFFIRMED.

BOSLAUGH, J., dissenting.

The evidence in these cases was such that findings of no consequential damage could not have been sustained. Swanson v. State, 178 Neb. 671, 134 N. W. 2d 810. But the jury was instructed as follows:

"You are instructed that the burden of proof is on the plaintiff to prove, by a preponderance of the evidence, the fair and reasonable market value on the date of the taking of the two tracts of land taken for highway right of way purposes, and that before the plaintiff can recover any further amount in consequential damages for any alleged depreciation in value to property remaining after severing the aforesaid tracts, he must prove, by a preponderance of the evidence, that:

"(1) The severance of said tracts has caused a depreciation in the value of the property remaining after said severance, and

"(2) The amount of said depreciation in value, if any.

"If the plaintiff has established both of the aforesaid propositions, (1) and (2), by a preponderance of the evidence, then the amount of damages awarded the plaintiff may include said damages for depreciation in value, if any. However, if the evidence on said propositions (1) and (2) is equally balanced, or preponderates in favor of the defendant, then said plaintiff cannot recover any damages for the depreciation in value to the remaining property after severance of the aforesaid tracts of land, and the plaintiff can then only recover the fair and reasonable market value of the aforesaid tracts taken by the defendant as hereafter defined."

In my opinion the instruction was both erroneous and prejudicial. The verdicts in these cases, although within the range of the testimony, were much lower than the awards made by the appraisers. I am unable to say that it is obvious that no prejudice resulted.

McCowN, J., concurring in dissent.