LAWRENCE V. BOWLEY, APPELLANT, v. AIRPORT AUTHORITY OF THE CITY OF OMAHA, APPELLEE.

182 N. W. 2d 911

Filed January 22, 1971. No. 37539.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, and J. Michael Fitzgerald, for appellant.

John W. Delehant and Frederick A. Brown, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding in eminent domain. The plaintiff, Lawrence V. Bowley, appeals from a verdict and judgment in the amount of $720,000 for land condemned by the defendant, Airport Authority of the City of Omaha, Nebraska.

The land in question is an irregular tract lying directly east of Eppley Field between the levee of the East Omaha Drainage District and the west bank of the Missouri River. It is bounded on the south by Pinkney Street extended and on the north by a tract owned by the defendant.

The land immediately adjacent to the river is accretion land which is subject to flooding during the year. The balance of the tract is higher ground with an area of 450 acres. The high ground is substantially level but slopes down somewhat from the east toward the levee to the west. The land itself is mostly river sand.

The plaintiff has used the land for agricultural purposes and for sand mining. It is zoned suburban which is described as a holding or transitional classification.

Much of the controversy in this case centers around the fact that the plaintiff's land lies outside the levee and in the flood channel of the river. The elevation of the high ground is generally at the level of flooding at 10-year frequencies. The evidence is in conflict as to

the cost and type of a levee required to protect the land against all floods except those of 100-year frequencies.

The plaintiff's evidence suggested that the land was suitable for industrial use, and valued the land at from $2,500,000 to $4,500,000. The defendant's witnesses were of the opinion that the land was not suitable for industrial use primarily because of its poor access, lack of utilities, its vulnerability to flooding, and the low demand for industrial land in the general area of the plaintiff's land. The channel is on the opposite side of the river so there is no direct access to river traffic. The defendant's witnesses considered the best and highest use of the land to be for sand mining and recreational use, and valued the land at $1,500 to $1,600 per acre for the high ground.

The verdict of the jury was equivalent to $1,600 per acre for 450 acres. The plaintiff contends that the verdict was too low and is not sustained by the evidence.

The amount of damages sustained by a landowner in a proceeding in eminent domain is peculiarly of a local nature and is ordinarily to be determined by the jury. Such a verdict will not be set aside unless it is clearly wrong. Jensen v. State, 184 Neb. 802, 172 N. W. 2d 607. The record in this case sustains the verdict of the jury and it is not clearly wrong.

The remaining assignments of error relate to the overruling of the plaintiff's discovery motion, rulings on evidence, and the instructions to the jury.

The trial court refused to compel the defendant to produce a report prepared by an expert appraiser employed by the defendant. Such reports are generally not available to the adverse party in the absence of a strong showing of good cause. See, 23 Am. Jur. 2d, Depositions and Discovery, § 199, p. 556; Carpenter-Trant Drilling Co. v. Magnolia Petroleum Corp., 23 F. R. D. 257; Annotation, 86 A. L. R. 2d 138. The ruling was within the discretion of the trial court.

The plaintiff produced an engineer who testified concerning the construction and cost of a levee to protect the high ground against all floods except those of 100-year frequencies. The defendant produced the testimony of engineers employed by the U. S. Army Corps of Engineers. These witnesses testified, over objection, as to the construction and cost of such a levee built to Corps of Engineers' standards. This evidence tended to prove that the levee proposed by the plaintiff's witness would be inadequate and would not satisfactorily protect the land from flooding and that an adequate levee would be much more costly. The evidence was admissible and plaintiff's objections to the testimony were properly overruled.

The plaintiff attempted to show that a levee could be constructed along the east edge of the high ground and continuing on to the north across the tract owned by the defendant which would eliminate some of the objections raised to the levee he had originally proposed. Objections to this testimony were sustained on the basis that it assumed facts not in evidence, was irrelevant, and was not proper cross-examination.

The record does not support the plaintiff's theory that he could force the creation of a levee district to construct such a levee. It appears that many landowners might be affected by such a levee; and in addition to the approval of the county board, it would be necessary to obtain a permit under the flood plain act. The objections were properly sustained.

We have examined the other rulings complained of and find no prejudicial error in any of them.

The trial court refused the plaintiff's request to instruct the jury in regard to statutes pertaining to levee districts and improvement districts generally. The requested instructions were properly refused. The statutes in question relate to collateral issues upon which the trial court was not required to instruct. See Reller v. City of Lincoln, 174 Neb. 638, 119 N. W. 2d 59.

In regard to the creation of a levee district, as stated above, the record is not clear that the plaintiff could force the creation of a levee district for the construction of a levee in accordance with his alternate plan.

By instruction No. 10 the trial court advised the jury that a statute, effective October 23, 1967, had been enacted which could restrict or prevent construction upon land subject to floods of 100-year frequencies until such land was properly protected against such floods. The plaintiff complains that the instruction misstated the law and that no instruction regarding the flood plain act should have been given.

The statute in question regulates the use of lands lying within the 100-year flood plain. A purchaser of the plaintiff's land would have considered the effect of this law upon the future use of the land. It was proper for the trial court to instruct in reference to the law even though the law had not become effective at the date of taking.

A primary purpose of the law appears to be the regulation of construction and the erection of artificial obstructions within the flood plain. There is, however, reference within the statute to the protection of obstructions erected within the flood plain. See § 2-1506.06, R. S. Supp., 1969. We find no prejudicial error in instruction No. 10.

We have considered the other assignments of error and find them to be without merit.

The judgment of the district court is affirmed.

AFFIRMED.