PAULEY LUMBER COMPANY, A CORPORATION, APPELLEE, V. CITY OF NEBRASKA CITY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

206 N. W. 2d 326

Filed April 6, 1973. No. 38722.

William F. Davis of Wellensiek & Davis, for appellant.

Guy C. Chambers and Perry, Perry & Witthoff, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an eminent domain proceeding involving four vacant, level, and unimproved city lots. Verdict and judgment were in the sum of $55,000. We affirm the judgment of the District Court.

Defendant asserts that erroneous expert evidence was admitted in that in comparing sales of other properties, the experts were permitted to take into consideration costs of preparing the sites for building, such as clearing existing improvements, filling, constructing a retaining wall, grading or leveling, excavating, etc. Evidence of the cost of this type of work, constituting expense in addition to purchase price, on the sites considered was also admitted. Due to the absence of comparable vacant lots, properties with improvements, or remnants of improvements, were considered. This type of evidence was submitted by both parties without objection and under such circumstances objections to it cannot now be considered. "A party may not successfully complain of the introduction of evidence of a like character to that which it subsequently introduced." Iske v. Metropolitan Utilities Dist., 183 Neb. 34, 157 N. W. 2d 887. One who fails to object to or move to strike testimony may not predicate error on its admission. See Meyer v. Moell, 186 Neb. 397, 183 N. W. 2d 480.

Ordinarily evidence of prices paid for improved properties offered as substantial proof of the value of unimproved property is admissible only where the properties and the circumstances are substantially similar.

See Timmons v. School District, 173 Neb. 574, 114 N. W. 2d 386. The trial court is vested with a sound discretion in determining the admissibility of the sale prices of other lands. See Liebers v. State, 183 Neb. 250, 159 N. W. 2d 557.

In the present instance, the properties cited by plaintiff's witnesses had all been purchased by parties to whom the improvements were a detriment and had to be removed. The costs of clearing, filling, etc., represented expense to the purchasers over and above the prices paid for the properties. All these matters were fully explained to the jury. There was no abuse of discretion and the evidence was ample to sustain the verdict.

It is also charged that the verdict was excessive. The owner testified his property was worth $60,000. The testimony of the various expert witnesses valued it within a range of $30,000 to $69,120. The jury viewed the condemned property. "The amount of damages sustained by a landowner in a proceeding in eminent domain is peculiarly of a local nature and is ordinarily to be determined by the jury. Such a verdict will not be set aside unless it is clearly wrong." Bowley v. Airport Authority, 186 Neb. 292, 182 N. W. 2d 911.

The judgment of the District Court is affirmed.

AFFIRMED.