**UNITED STATES of America, Appellee,**

v.

**Robert J. COHEN, Appellant.**

**No. 83–2664.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1984.

Decided June 29, 1984.

Ronald D. Lahners, U.S. Atty., D. Neb., Paul D. Boeshart, Asst. U.S. Atty., Lincoln, Neb., for appellee.

Bradley K. Schweer, McClellan & Schweer, Omaha, Neb., for appellant.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Robert J. Cohen appeals his conviction of extorting money by interstate telephone calls threatening to injure property, under 18 U.S.C. § 875(d). He argues that the evidence was insufficient to establish intent to extort as he was simply attempting to obtain a business loan and that his motion for acquittal should have been sustained. In a letter filed with the court pro se, which we treat as a brief, Cohen argues that his mental illness was not considered in his counsel's brief and justifies acquittal. We affirm the judgment of conviction of the district court.[1]

On August 17, 1983, Cohen went to the offices of Mutual of New York Life Insurance Company in Dallas, Texas to request a loan of $20 million dollars at five percent interest to purchase a ranch and cattle.[2] Harold Haschke, Vice President for Agricultural Investment, informed Cohen that such a loan would not be possible. Thereafter, Cohen made a series of telephone calls from Lincoln, Nebraska to Haschke in Dallas. During the first call, made on August 18, Cohen again said that he wanted a $20 million dollar loan at five percent, and that if he did not get it, he would blow up the Mutual home office building in New York City. Cohen called Haschke at home on August 21 to discuss the loan but made no threat at that time. On August 23 Cohen called Haschke at his office and stated that if the loan was not approved "all hell would break loose." On August 24 Cohen called Haschke at home and said that he had friends in the mob who had M–16 machine guns, dynamite and explosives and that "We are going to do whatever it takes to get the money." On August 25 Cohen called again, stating that he and his friends were going "to take" the home office building. Cohen called Haschke for the last time on August 26, and reiterated the demand for a $20 million dollar loan at five percent interest, and added that the loan should be increased to $40 million. He further mentioned that when he visited Haschke at the Dallas office he had a Mafia man waiting outside in a car with sixty sticks of dynamite and that he had contemplated blowing up the Dallas office at that time. This last conversation was recorded

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Cohen previously had problems with Mutual of New York when it foreclosed on a farm mortgage.

by the FBI with Haschke's consent, and was played to the jury at trial.

Cohen argues that 18 U.S.C. § 875(d)[3] contains no definition of the phrase "with intent to extort." He agrees, however, that the definition of "extortion" in 18 U.S.C. § 1951(b)(2), the Hobbs Act, is generally applicable. The court instructed the jury as to the definition of extortion consistent with this statute as follows:

Intent to extort means an intent to get the property of another with his consent, induced by wrongful use of actual or threatened force, violence or fear.

■■■ Cohen's argument is based on *United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973), where the indictment was dismissed as the acts of violence and destruction of the defendants were to force the company to agree to a union contract. In *Enmons* the Supreme Court held that the Hobbs Act did not extend to the use of force to obtain legitimate union demands of higher wages. *Enmons* does not assist Cohen. The courts have held that *Enmons* "merely carved out a labor exception to the traditional law of extortion codified in the Hobbs Act." *United States v. Zappola*, 677 F.2d 264, 269 (2d Cir.), *cert. denied*, 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982), (citing cases from five other circuits including ours); *see also United States v. French*, 628 F.2d 1069, 1075 (8th Cir.), *cert. denied*, 449 U.S. 956 101 S.Ct. 364, 66 L.Ed.2d 221 (1980). While Cohen's objective may have been to obtain a business loan so that he could purchase a large ranch, we can hardly agree that "there is nothing illegal in this purpose" when it was accompanied with the threat of blowing up the home office if the loan was not extended. We must consider the evidence in a light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Sullivan*, 618 F.2d 1290, 1295 (8th Cir.1980). When we do so, we have no difficulty in concluding that the issue of intent to extort was properly for jury determination.

■■ In the letter addressed to the clerk of the court by Cohen, Cohen raises the issue that his counsel omitted to mention his mental illness and that this illness requires acquittal. Mental illness was not raised as a defense but Cohen testified concerning this condition and said that he made the calls when he had forgotten his pills and when he was "hyper as the devil." He referred to his conversations as simply "Irish malarkey." Testimony from a psychiatrist was presented concerning Cohen's condition. After the jury retired, it sent a note to the judge asking if his mental condition was relevant to their decision. The court answered that it was, and directed the jury's attention to the element of the instruction that the call was made knowingly and willfully and with intent to extort.

Having studied the entire record and the tapes of the calls in evidence, we believe that the district court properly directed the jury's attention to the effect of mental illness on the issues in this case, and we find no error in this respect. We must conclude that the jury considered this evidence and the factual issues presented in arriving at its verdict.

■■ A word must be said about the briefs filed by the parties. The essential issue in this case was whether Cohen's statement to Haschke constituted extortion under 18 U.S.C. § 875(d). The words spoken are the essence of the case. The substance of the telephone conversations is contained in neither brief. Cohen's brief filed by counsel simply invites the court to study the transcript, pages 1 to 136. We have carefully done so. The brief for the

---

**3.**  18 U.S.C. § 875(d) provides:

Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined not more than $500 or imprisoned not more than two years, or both.

Government contains no statement of the evidence. Rule 28(a)(3) and (e), Fed.R. App.P., requires page references to the record and transcript. While we have some understanding of the problems in briefing faced by counsel for Cohen, as a proper detailing of the evidence would have substantially damaged rather than helped his client, the rule was not properly observed and the court's review has been lengthened. As we have said, "We were not required to search the record for error." *Rebuck v. Vogel*, 713 F.2d 484 (8th Cir.1983); quoting *Holt v. Sarver*, 442 F.2d 304, 307 (8th Cir.1971). Similarly, the United States Attorney in its brief makes no reference at all to any of the testimony. In a case where the issue is the motion for acquittal and sufficiency of the evidence to support the conviction, it is difficult to believe that the United States Attorney would not find the strongly incriminating evidence to be the most effective presentation of his case. Counsel should comply with the rules requiring specific references to the record or transcript. This is essential for efficient review by this court. As other courts have observed, counsel act at their peril in not doing so.

We affirm the judgment of conviction.