STATE OF NEBRASKA, APPELLEE, V. CLARENCE ECKSTEIN, APPELLANT.

395 N.W.2d 515

Filed October 24, 1986.    No. 86-099.

Dennis R. Keefe, Lancaster County Public Defender, and Coleen J. Nielsen, for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant was charged with first degree sexual assault on a child in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1985) and further charged as a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1985). The sexual assault case was tried to the court, without a jury, and defendant was convicted of the charge. After a separate hearing pursuant to Neb. Rev. Stat. §§ 29-2911 et seq. (Reissue 1985), the court found that defendant was not a mentally disordered sex offender and that defendant was a habitual criminal. The court later sentenced defendant to a term of 10 years' imprisonment, with credit for time served. Defendant appealed to this court.

Defendant's brief in this court does not contain any assignments of error or propositions of law, nor does the brief contain any references to the transcript filed in this court or any references to the bill of exceptions. All of these matters are required by this court's rules of practice and, in the case of the assignments of error, are required by the statutes of this state. It is clear there has not been even token compliance with appropriate appellate procedures.

With regard to the lack of assignments of error, we note the provisions of Neb. Rev. Stat. § 25-1919 (Reissue 1985), which provides in part: "The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; . . . ." Neb. Ct. R. of Prac. 9D(1) (rev. 1986) provides that appellant's brief should contain:

d. Assignments of Error. A separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed. The court may, at its option, notice a plain error not assigned.

The case law pertaining to assignments of error is clear. Such assignments of error must be set out in appellant's brief. The failure of counsel to comply with the statute and our rules has been a problem for many years. See, *Mauder v. State*, 97 Neb.

380, 149 N.W. 800 (1914), *Baggett v. City of Omaha*, 220 Neb. 805, 373 N.W.2d 391 (1985), and a myriad of cases in between. In civil cases this court has held that in the absence of plain error, where the appellant has not set out any assignments of error, the judgment appealed from should be affirmed. See *Farmers Co-op Grain Co. v. Leuenberger*, 217 Neb. 288, 348 N.W.2d 135 (1984), and cases cited therein. In criminal cases there must be other considerations, which are set out below.

With regard to the failure of appellant's brief to make references to appropriate pages of the bill of exceptions, the same condition exists. In *Merrill v. Garver*, 4 Neb. (Unoff.) 830, 832, 96 N.W. 619, 620 (1903), this court stated:

A general statement in a brief that the court erred in sustaining objections to a certain line of testimony without stating where the rulings complained of are to be found in the record or the nature of the evidence offered, the objections made, and the rulings thereon, is not sufficient to call for any examination of the matter by this court. The brief must state specifically what is complained of, the reason and basis of the complaint, and the exact portions of the record material thereto.

Similarly, in *Reller v. City of Lincoln*, 174 Neb. 638, 639, 119 N.W.2d 59, 60-61 (1963), we adopted the language of *Wieck v. Blessin*, 165 Neb. 282, 85 N.W.2d 628 (1957): " 'In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged.' "

As in the situation concerning the lack of assignments of error, there are many such cases in the period between the dates of the two citations.

The federal courts have had similar problems. See *Colorado Yule Marble Co. v. Collins*, 230 F. 78 (8th Cir. 1915). In *United States v. Cohen*, 738 F.2d 287, 289-90 (8th Cir. 1984), the court stated: "A word must be said about the briefs filed by the parties. . . . Counsel should comply with the rules requiring specific references to the record or transcript. This is essential for efficient review by this court. As other courts have observed, counsel act at their peril in not doing so."

In the case before us, defendant's brief indicates that many of defendant's complaints about his trial concern evidence before the court. The exact evidence complained of, the objections sought to be held proper on appeal, and the rulings on those objections are not identified.

Defendant has not specified any assignment of error to be reviewed by this court. The record and briefs before us do not disclose any plain error prejudicial to defendant. In the absence of any error presented for review, we affirm the judgment of the district court.

AFFIRMED.