PRESENT:

Hon. T. L. NORVAL, Chief Justice.
Hon. J. J. SULLIVAN,  } Judges.
Hon. SILAS A. HOLCOMB, } 

Department No. 1.
Hon. WILLIAM G. HASTINGS,
Hon. GEORGE A. DAY,
Hon. JOHN S. KIRKPATRICK,

Department No. 2.
Hon. SAMUEL H. SEDGWICK,   } Commissioners.
Hon. WILLIS D. OLDHAM,
Hon. ROSCOE POUND,

Department No. 3.
Hon. EDWARD R. DUFFIE,
Hon. JOHN H. AMES,
Hon. I. L. ALBERT,

---

OMAHA LOAN & TRUST COMPANY v. COUNTY OF DOUGLAS.

FILED JUNE 5, 1901.  No. 9,417.

1. **Action for Damages Against a County on Account of Official Dereliction Can Not Be Sustained Under Plaintiff's Theory.** Nominal damages are not recoverable in an action against a county for damages alleged to have been sustained by reason of the grading of a street adjacent to the property of the owner, on the theory that the board of county commissioners were guilty of a breach of official duty to the plaintiff in not serving

5                              (1)

notice and having an assessment of damages sustained and special benefits received in the manner provided by statute.

2. Competency of Expert With the Court, Only Patent Error Ground of Reversal. The determination of the competency of witnesses to testify as to their opinion of the value of real estate, which is the subject of controversy, rests largely in the discretion of the trial court, and a ruling thereon will not be disturbed on review except when clearly erroneous as a matter of law.

3. Irrelevant Instruction Properly Refused. An instruction requested by one of the parties not based on the evidence nor pertinent to the issues to be decided by the jury is properly refused.

4. Witness's Attention Must Be Called to Impeaching Testimony, and Same Must Be Duly Authenticated. A written statement of a witness, inconsistent with and contradictory to his testimony, offered for the purpose of impeachment, is not admissible unless the witness's attention has been called thereto with reasonable certainty, nor until properly authenticated if not admitted by the witness.

ERROR from the district court for Douglas county. Tried below before POWELL, J. *Affirmed.*

*McCoy & Olmsted,* for plaintiff in error.

*George W. Shields, contra.*

HOLCOMB, J.

Plaintiff in error instituted an action against the defendant in error for the recovery of damages to real estate alleged to have been sustained by reason of grading down a street, on which the real estate abutted, in the town of Florence, in defendant county. From a verdict and judgment in favor of the county the plaintiff prosecutes error to secure a reversal thereof.

The grading was done under the provisions and authority of sections 1a to 1d, inclusive of chapter 78 of the Compiled Statutes, entitled "Roads." The sections referred to are a part of the laws of 1889, being chapter 8 of the Session Laws, entitled "An act to authorize the county board of any county in which a city of the metropolitan, or cities of the first class having over

twenty-five thousand inhabitants, is situated, to grade, pave, or otherwise improve roads leading thereto, and to assist such city in the improvement of such roads within the corporate limits as are extensions of roads leading thereto." At the time of the grading resulting in the alleged damages the plaintiff held a mortgage on the real estate affected, and before the commencement of the suit became the purchaser and legal owner thereof by proceedings brought for the foreclosure of the mortgage and sale of the mortgaged premises, the property failing to sell for enough to satisfy the debt.

It is conceded that no notice was given to the legal owner or the mortgagee at the time of, or prior to, the act of grading complained of. By paragraphs 9 and 10 of the petition it is averred:

"9. That no action whatever was taken by the defendant or board of commissioners for the assessment of the damages done to said property and suffered by the plaintiff as mortgagee thereof or as suffered by the holder of the legal title thereto, and that no effort has been made even at this date, on the part of said defendant or its board of commissioners to determine the amount of damage done to said premises by reason of the said grading of State street in front thereof, suffered by this plaintiff and by the holder of the legal title of said premises during said time.

"10. That neither the said defendant nor its board of commissioners ever caused personal or any notice to be served on this plaintiff of the defendant's intention to grade said State street and especially that part thereof in front of the aforesaid premises, although this plaintiff all the while had its chief office and its chief officers within the city of Omaha in said Douglas county; nor ever served or attempted to serve the said Hannah K. Kilborn with either personal or public notice of the defendant's intention to grade that part of said State street; and said board of commissioners of said defendant never gave this plaintiff or said Hannah K. Kilborn an

opportunity to be heard upon the question of grading said State street."

The damages claimed and the cause thereof are stated in the eleventh paragraph, as follows:

"11. * * * That the west half, or 330 feet of the north side of said block, has been left by said grading a perpendicular wall and all ingress from said street to the west half of said lot and all egress from said street to the west half of said lot to said street has thereby been wholly cut off and destroyed; that by reason of the grading of said State street in front of the aforesaid premises, the said defendant damaged and lessened the value of said premises in fully the net amount of $3,000 and that the plaintiff, because of its interest in said premises during the whole of the time of said grading, has been damaged thereby by the county of Douglas in the sum of $900.54 together with interest thereon at the rate of ten per cent. per annum from the twenty-first day of September, 1891, until paid."

The cause was submitted to the jury on instructions directing them to find from the evidence the actual damages sustained by the plaintiff, if any, and return a verdict accordingly.

It is now urged that the court erred in not authorizing a recovery of at least nominal damages, on the theory that the failure of the county commissioners to give the notice to property owners contemplated by the statute, providing for the mode of assessment of damages sustained or benefits received by reason of the proposed improvement, before the work of grading was engaged in, was an actionable wrong, giving to the plaintiff the right to recover, in any event, nominal damages, when it is found that no actual loss was suffered by reason of the grading complained of. We do not think the position of counsel tenable, or that a recovery is permissible, except for the actual damages sustained by reason of the grading of the highway. The petition is not framed, nor was the case tried, on the theory that the county

commissioners' failure to follow the provisions of the statute was a breach of official duty, for which an action in damages would lie. The damages alleged were not based on the failure to notify the plaintiff of the contemplated improvement and have an assessment of damages and special benefits contemplated by statute, but because the grading done on the street abutting its property impairs its value, for which it was entitled to be compensated in damages. While it is a rule held to in this and in many other jurisdictions that a breach of official duty to one suing for damages by reason thereof will ordinarily support a judgment for nominal damages, even though actual damages are not shown, the present case does not fall within the rule. No damages were sustained, nor are any pleaded by the plaintiff, by reason of the failure of the county commissioners to comply with the statute as to assessment of damages, and under the law he may recover all damages sustained, even though no notice be given. For the taking of or damage to his property he is entitled to be compensated to the extent of the loss suffered, regardless of the question of notice, which is a part of the special proceeding pointed out by statute in the assessment by county boards of damages and special benefits, and which must be taken before the board has jurisdiction to act; and if not followed, the injured party yet has his right, under the law, to any damages sustained. The plaintiff has lost no right nor suffered any injury that can not be fully protected or compensated for, even though the statutory notice be not given. Under the provisions of the constitution, compensation must be allowed for private property taken or damaged for public use. The action, primarily, is not one against the county commissioners or they and their bondsmen based on an alleged breach of official duty to the plaintiff, but against the county as a public or municipal organization because of a liability to respond in damages for any injury to plaintiff's property, by reason of grading the street for public use.

The rule as to the recovery of nominal damages can not, therefore, we hold, be invoked under the pleadings and the facts and circumstances of the case at bar. The instructions submitting to the jury the question for a recovery of actual damages, if any were found, are without error.

The plaintiff attempted to prove by its president the value of the land alleged to be damaged. The proposed testimony was excluded, on the ground that the witness had not shown himself qualified to testify as to its value. The witness had not shown himself familiar with the value of that particular tract of land, or with values generally in that vicinity. He says that at the time the loan was made he knew "what we thought the value was," and "it was sufficient to make a loan of $4,500." As to its value in May, 1891, when the grading was done, he says: "No, I could not say that I would place a value at that time." It was not error to exclude the proposed testimony. The witness had not shown himself sufficiently qualified. The plaintiff had abundant sources of establishing the value of the land without resorting to the testimony of one so unfamiliar with values in that vicinity as the witness whose testimony was rejected. It is claimed that he should be treated as the owner of the property and presumed to know its value, because he is the president of the corporation purchasing it at the foreclosure sale. He, as the president of the company, is not an owner of property belonging to the corporation in the sense of the word when applied to an individual owner. An officer of a corporation may have no greater personal knowledge of the value of its property than an entire stranger. The question would depend on the nature of his duties in relation to the corporation and his means of acquiring knowledge of the value of the property inquired about. In this case there is no presumption in his favor, as in the case of an individual owning property, and nothing to show that the witness's knowledge was such as qualified him to testify as to the value be-

cause of his knowledge of values generally in that vicinity. He may not, so far as the record discloses here, have been a stockholder in the corporation of which he was president. The relation of the witness to the property does not bring him within the rule of qualification to testify to the value of the land, as the owner, as stated in *Chicago, R. I. & P. R. Co. v. Buel,* 56 Nebr., 205, and kindred cases.

It is next contended that the court erred in permitting a witness for the defendant to testify as to the value of the property, because he had not shown himself qualified. The witness testified that he was dealing in real estate some, trading in real estate, buying and selling, etc., and was familiar with the value of property in Florence during the period covered by the acts out of which grew this controversy. He showed himself sufficiently qualified to express an opinion as to the value of the property involved. There must of necessity be lodged in the trial court some discretion in determining the competency of testimony in the nature of opinion-evidence, which will not be disturbed on review, except when clearly erroneous as a matter of law. Such is not the case regarding the objections to the rulings of the trial court in the case at bar.

On the cross-examination of a witness, after he had testified in chief that the graded street was 100 feet wide, it was elicited that the street as graded was but $82\frac{1}{2}$ feet wide, having been narrowed at the time the grading was done. It was then attempted to be further shown on cross-examination that the adjacent property, including the plaintiff's, received the benefit of the portion vacated by reason of the street being narrowed. This character of testimony was objected to and excluded. It is now urged that the plaintiff was prejudiced by reason of the testimony which was admitted, most of which was without objection, and on a subject drawn out in the direct examination, and that the jury was at liberty to draw the inference that the property had been specially

benefited by reason of a part of the strip vacated being attached to the plaintiff's property, and allowed the benefit as an offset to the damages sustained by reason of the grading. There was no evidence admitted submitting this question to the jury. While it was apparently attempted, the proposed testimony, as to any benefit to the property accruing by reason of the vacation or narrowing of a part of the street, was excluded, and there was nothing before the jury to base any findings in this regard. The question was not presented by the pleadings, nor did the testimony admitted submit the matter to the consideration of the jury. The plaintiff's witness, having testified that the street was 100 feet wide, the defendant on cross-examination might properly show its true width, and this is as far as the testimony admitted extended. There was no error in its admission. The plaintiff tendered an instruction on the point, to the effect that the street had been narrowed by the authorities of the town of Florence, in the manner provided by law, and the jury should not consider the evidence as to the strip vacated when the street was narrowed, as a special benefit to the property which might be offset against any damages resulting from the grading which is complained of. The instruction was refused, and, we think, properly. The matter presented was not an issue before the jury. There was no testimony tending to show that any special benefit was derived by reason of the narrowing of the street to the adjacent property, nor was there any evidence as to how a part of the street had been vacated. The instruction was not based on the evidence, nor was it pertinent to the issues to be decided by the jury.

Complaint is made because of the exclusion by the court of a certain exhibit offered by the plaintiff, in the nature of impeaching evidence of a witness who had testified for the defendant as to the value of the property claimed to be damaged. The exhibit offered for the purpose of impeachment purported to be an official ap-

praisal of the same property, made by the witness and others in a sale made in the foreclosure of the plaintiff's mortgage lien thereon, and through which it acquired legal title to the land. The defendant objected to the offer, as being incompetent, irrelevant, immaterial, no foundation having been laid for it, the witness's attention not having been called to the exhibit. The witness, on his cross-examination, was asked if he was one of the appraisers of the property when the mortgage was foreclosed by the Omaha Loan & Trust Company. He answered, "I would not say one way or the other," and said in answer to another interrogatory he would not swear he was not. "Q. Didn't you at that time appraise that property at something like $7,000? A. I can not say whether I did or not; I am not able to state whether I did or not." His attention to the alleged appraisal was not challenged in any different manner or with more certainty than indicated by the questions and answers above given. He was not shown the appraisal, nor what purported to be his signature thereon. The time and place and the amount of the appraisal were only alluded to in the most general terms. The written appraisal was in no way authenticated when offered in evidence. Whether genuine or not, rests in mere speculation. There was, we think, no abuse of discretion in excluding as evidence the exhibit offered for the purpose stated. The witness's attention should have been called directly to the exhibit, when, if denied, or if his answer was equivocal, its genuineness could have been proved in the ordinary way and received for the purpose for which offered; if the appraisal had been admitted by the witness, no further foundation was required to render it admissible. The witness's attention not having been called with sufficient certainty to the appraisal, and it not having been properly authenticated, the court properly excluded it. *Wood River Bank v. Kelley*, 29 Nebr., 590; *Thompson v. Wertz*, 41 Nebr., 31; *Draper v. Taylor*, 58 Nebr., 787; McKelvey, Evidence, sec. 249.

Some exceptions of a general nature are presented, and argued in brief of counsel, regarding the admission and rejection of the evidence, which, upon examination and of the rulings thereon, we find no prejudicial error calling for a reversal of the case, and they are not deemed of sufficient importance to notice in detail.

The judgment is accordingly

AFFIRMED.