FENTON W. MILLER ET AL., APPELLEES, V. DRAINAGE DIS-
TRICT, APPELLANT.

FILED MAY 26, 1924.    No. 22799.

1. **Drains:** DRAINAGE DISTRICTS: LIABILITY. A drainage district
organized under chapter 161, Laws 1905, as originally enacted,
or under the act as amended, is liable for damages caused by its
negligence in the construction or maintenance of its works.

2. ———: ———: ———. A purchaser of lands situate within
a drainage district is entitled to all the rights that his vendor
would have had as to damage, subsequent to the purchase, to
lands or crops caused by negligence in the construction or main-
tenance of such ditch.

3. **Pleading:** ADMISSION. In an action for damages where defend-
ant in his answer avers that, if plaintiff was damaged as stated
in the petition, such damage was caused by occurrences over
which defendant had no control, *held* that such averment is an
admission that plaintiff was damaged, even though the defend-
ant also interposed a general denial.

4. **Evidence:** VALUE. The owner of personal property is qualified
by reason of the ownership relation to give his estimate of the
value of such property.

5. **Trial:** VERDICT. Plaintiff sought to recover on five separate
counts. The jury found for him on three, finding the respective
amount due on each. In a separate paragraph it totaled the
three. This was not error.

6. ———: OBJECTIONS. An objection to a question asked at the
trial should be sufficiently explicit to indicate the specific reason
for its interposition.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*Dort, Cain & Witte* and *Dan J. Riley,* for appellant.

*James E. Leyda, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY,
GOOD and THOMPSON, JJ.

THOMPSON, J.

This action was brought by plaintiffs in the district
court for Richardson county to recover from defendant for
damage to plaintiff's crops by flooding, caused by defend-
ant's alleged negligence. Defendant drainage district is

Miller v. Drainage District.

a corporation organized under the laws of Nebraska under chapter 161, Laws 1905, and amendatory acts. Plaintiffs are owners of certain lands in Richardson county, which were leased to one Ed Merritt and which are included in the drainage district in question. Plaintiffs prevailed, and defendant has appealed.

An amended petition was filed which contains five causes of action, but as the same negligence is alleged in all they may be considered together. Plaintiffs allege generally that the drainage ditch extends through plaintiffs' lands. The improvement was constructed partly by digging a new ditch and partly by using the natural channel of what is known as Muddy creek. The negligence alleged is that the defendant district failed to widen and clear the natural channel of Muddy creek so used as a part of the improvement; and that it was negligent in constructing the new ditch narrower and shallower at some points than others; and that the district negligently allowed drifts and debris to accumulate and remain in the old channel of Muddy creek, thus retarding the escape of the flood waters and causing them to run over and upon plaintiffs' lands doing damage to the crops thereon.

The answer in paragraph 4 avers as follows: The defendant states that if any crops upon said lands have been injured and damaged at any time, such injuries and resulting damage have not been caused by defendant's carelessness and negligence as alleged in plaintiff's petition, but that such injury and damage, if any, have been caused by the topography of the land and conditions arising from excessive and unusual floods over which defendant had no control and which could not have been reasonably foreseen or guarded against by it. This answer amounts to an admission that the plaintiffs were damaged. *Dwelling House Ins. Co. v. Brewster,* 43 Neb. 528; *Home Fire Ins. Co. v. Johansen,* 59 Neb. 349; *Nason v. Nason,* 79 Neb. 582.

The answer further avers that none of the drainage improvements constructed by the defendant district, of which complaint is made, impede, hinder or injuriously

affect the natural drainage of the lands described; paragraph 9 denies the negligence alleged, and paragraph 10 is a general denial.   The verdict follows:

"We the jury duly impaneled and sworn in the above entitled case do find and say: We find for plaintiffs on the first cause of action and assess the amount of their recovery thereon at the sum of $600.  We find for plaintiffs on the fourth cause of action and assess their recovery thereon at the sum of $250.  We find for plaintiffs on the fifth cause of action and assess their recovery thereon at the sum of $100.  We find for plaintiffs on the first, fourth and fifth causes of action in the total sum of $950.  We find for defendants on the second and third causes of action.

                    "Charles Wittwer, Foreman."

Thus the jury found for plaintiffs as to the matured crops, and for the defendant as to the unmatured.

Defendant attacks that part of the verdict which added the three findings in favor of the plaintiffs.  We find this was not error.  The jury having found specifically and separately as to each cause of action, they thereby had fully complied with their duties.  The part of the verdict complained of was surplusage and was properly so treated by the trial court.

Defendant contends that the verdict is against the weight of the evidence.  Its contention cannot be sustained.  The record discloses sufficient evidence to sustain the complaint as to negligent construction and maintenance.  Trees and stumps were allowed to remain and debris to accumulate in the old channel of Muddy creek, as alleged, which actually served to retard, dam up, and cause the waters to overflow plaintiffs' lands, and thus destroyed the crops of plaintiffs, as charged, so as to justify the verdict of the jury.

Defendant also complains of the evidence as to the value of the crops damaged.  The trial court permitted witness Miller, one of the plaintiffs and owner of the undivided one-half of the crop destroyed, and witness Merritt, the tenant, who was the owner of the other half destroyed, to

testify as to the probable yield of the crop and the market value at the time of the flood. Both of these witnesses were competent to testify as to the value of their own property. "In an action for damages on account of an injury to chattels, the owner of such chattels is qualified by reason of that relationship to give his estimate of their value." *Hespen v. Union P. R. Co.,* 82 Neb. 495. See *Neal v. Missouri P. R. Co.,* 98 Neb. 460; *Western Home Ins. Co. v. Richardson,* 40 Neb. 1. The crop was matured, part being in the shock. It was proved that by the terms of the lease the tenant was to deliver plaintiff's share of the crop to market as part of his rental contract. Thus the market value at the time of the flooding was a proper guide for the jury in computing plaintiff's damage.

It is further contended by defendant that, plaintiffs having purchased the land after the ditch was constructed, they thereby assumed the risk of flood damages from all natural causes. We held in *Hopper v. Elkhorn Valley Drainage District,* 108 Neb. 550: "A party who sells and conveys to a drainage district corporation a right of way through his lands, and in such conveyance releases such corporation from all claims for damages by reason of the occupancy and use of the land conveyed, may nevertheless recover damages caused by the carelessness and negligence of the district in the construction and maintenance of its improvements." Certainly these plaintiffs cannot be said to be in any more disadvantageous position than their vendor.

It will be noticed that defendant uses the words "natural causes." The plaintiffs are not seeking damages which arose from natural causes, but from the careless and negligent construction and maintenance of the ditch.

It is also contended by defendant that it was not liable for damages for either faulty construction or lack of maintenance. The aforesaid cited case held: "A drainage district corporation organized under the laws of this state, although a local corporation clothed with powers of a public nature, is liable for damages caused by its negligence in the construction or maintenance of its works."

Other assignments of alleged error have been presented, which we have examined, but, in view of our conclusion, we do not find it necessary to discuss.

The judgment is                                   AFFIRMED.

Note—See Drains, 19 C. J. p. 710, sec. 202; Evidence, 22 C. J. p. 581, sec. 683—Pleading; 31 Cyc. p. 206; Trial, 38 Cyc. pp. 1378, 1890.