JULIA DAWSON ET AL., APPELLEES, V. CITY OF LINCOLN, NEBRASKA, APPELLANT.

125 N. W. 2d 908

Filed January 31, 1964. No. 35526.

Ralph D. Nelson and Henry L. Holst, for appellant.

Joseph J. Cariotto, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is a condemnation case. From a jury verdict and judgment for plaintiffs in the sum of $10,000, defendant City of Lincoln appeals. Of the numerous errors assigned, the defendant city only argues in this court the excessiveness of the verdict and errors in the admission in evidence of certain testimony of four witnesses.

The plaintiffs owned a leasehold interest in property at 4400 O Street on which, at the time of the taking, they were operating the "Circle Drive-In" restaurant. The evidence shows that this operation depended on the free access to their leased premises from the flow of traffic on O Street. This condemnation proceeding took a temporary easement for construction purposes and appropriated a portion of the lot permanently for street purposes in connection with the construction of a new, widened arterial with a "median" in the center. The time of the taking was June 14, 1961. The lease expired on March 17, 1962, and the rent reserved was $75 per month, this lease stemming from an original leasing agreement with the owners dating back to 1950. The plaintiffs owned all of the buildings and equipment on the premises. The property had no business access except off of O Street. All access was destroyed by the construction from June to approximately November 1961. The only way to get on the premises during this period of time was to walk. The plaintiffs paid $30,000 for the lease originally. They made substantial improvements during their operation and had an investment of over $20,000 in furniture, fixtures, and equipment at the time of the taking. Their volume of annual business was about $75,000 to $80,000. The business is seasonal with the peak being from May until fall depending on the weather.

The board of appraisers in county court awarded the plaintiffs $10,000 and on appeal the jury verdict and trial court judgment were for $10,000. No challenge is made to the pleadings, the scope of the submission of the issues,

or the instructions as to the measure of damages by the trial court.

Error is assigned in permitting Julia Dawson, one of the owners and purchasers of the lease in question, to answer the following questions: "Based on your experience, Mrs. Dawson, have you an opinion as to the market value of that lease from the time that the City condemned the property until the expiration of the lease the following March 17, 1962? * * * And what was that value, Mrs. Dawson?"

It is argued that there was insufficient foundation for the admission of the answers to these questions which fixed the valuation as between $14,000 to $15,000. The evidence shows she was an owner; that she and her husband actually operated the business on the premises since April 1950; that she managed the business; that she knew of the volume of business done; that they owned all of the buildings and equipment on the land; that the rent reserved was only $75 per month; that the taking of June 14, 1961, completely destroyed the volume of business; and that extensive improvements had been made and equipment installed since 1950 at a cost of over $25,000. Beyond this, the record reveals in intimate detail, familiarity with the property, the development of it for drive-in restaurant purposes over a period of 10 years, and ample testimony of the effect of the taking by the defendant on the business and physical operation of the leasehold. In a condemnation case, a lessee is entitled to recover on the same character and quality of proof as would entitle the condemnee owner to recover. State v. Dillon, 175 Neb. 350, 121 N. W. 2d 798; James Poultry Co. v. City of Nebraska City, 135 Neb. 787, 284 N. W. 273, followed and amplified on rehearing in 136 Neb. 456, 286 N. W. 337. The owner of real estate familiar with its value can testify as to its value. State v. Wixson, 175 Neb. 431, 122 N. W. 2d 72. In Johnson v. City of Lincoln, 174 Neb. 837, 120 N. W. 2d 297, we said as follows: "As stated in Miller v. Drainage Dist.,

112 Neb. 206, 199 N. W. 28: 'The owner of personal property is qualified by reason of the ownership relation to give his estimate of the value of such property.' See, also, McGuire v. Thompson, 152 Neb. 28, 40 N. W. 2d 237; Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141."

This witness testified extensively as to the use of these premises as a drive-in restaurant, its availability and adaptability to such use, and *the volume of business accomplished* in their, the owners', operation. That this type of testimony is admissible as foundation for opinion valuation of a leasehold, and even may be admitted as direct testimony-in-chief, is apparent from James Poultry Co. v. City of Nebraska City, 135 Neb. 787, 284 N. W. 273, wherein it was said: "The value of a leasehold must be determined by consideration of the *uses to which the property is adapted.* All circumstances naturally affecting this value are open to consideration. Every legitimate use to which it may be applied may be considered. *The market value of the unexpired term should be taken into consideration,* also the situation, condition and use made, or that may be made, of the premises, and the nature and prosperity of the business carried on there, if it affects the value of the lease. Bales v. Wichita M. V. R. Co., 92 Kan. 771, 141 Pac. 1009, L. R. A. 1916C, 1090. As to the extent of proof of elements, not as independent items of damage, but as it affects the market value, see Pegler v. Hyde Park, 176 Mass. 101, 57 N. E. 327. * * * *The volume of business done on any given leasehold has a direct relation to the value of the leasehold, as volume is directly connected with the success of the business, and diminution of business means decrease in volume.* See Gillespie v. City of South Omaha, supra; City of Omaha v. Flood, 57 Neb. 124, 77 N. W. 379; Chicago, R. I. & P. R. Co. v. O'Neill, 58 Neb. 239, 78 N. W. 521; Des Moines Wet Wash Laundry v. City of Des Moines, supra." (Emphasis supplied.) This precise holding has been followed in Phillips Petroleum Co.

v. City of Omaha, 171 Neb. 457, 106 N. W. 2d 727, 85 A. L. R. 2d 570.

It is apparent from what has been said that there was ample foundation for her opinion, as an owner, of the valuation of $14,000 to $15,000 she placed on the value of this leasehold for the remaining term. Defendant argues she must testify as to familiarity with "the value of leaseholds." She was one of the owners, familiar with her own property, and as such competent to testify as to valuation. Defendant cites no case to support the proposition that, as a matter of foundation, an owner must be shown to be familiar with other leaseholds and their market value. It is not necessary that a qualifying witness be familiar with every possible element that goes into the determination of market value. Evans v. State, *ante* p. 156, 125 N. W. 2d 521; Medelman v. Stanton-Pilger Drainage Dist., 155 Neb. 518, 52 N. W. 2d 328. Defendant further argues that the foundation testimony of this witness was impeached and destroyed on cross-examination. The weight and credibility of such testimony in a condemnation action are for the jury, and in testing them, plaintiff is entitled to have conflicts resolved in the light most favorable to him. O'Neill v. State, 174 Neb. 540, 118 N. W. 2d 616; State v. Wixson, *supra;* Webber v. City of Scottsbluff, 150 Neb. 446, 35 N. W. 2d 110.

Error is assigned as to opinion valuation testimony of $10,000 given by the witness, Dan Foley, who was one of the original appraisers in county court. He had been in the real estate business since 1915, both commercial and residential, examined the premises and was familiar with the Circle Drive-In business at Forty-fourth and O Streets, ascertained the volume of business, was acquainted with the buildings and equipment, was acquainted with similar businesses in the community, determined the date of condemnation, took into consideration the period of the year drive-ins do the bulk of their business, had inspected the premises both in June and

September 1961, was familiar with commercial real estate values of property in the community, and checked other drive-in restaurants in the vicinity, McDonald's, King's, and Ken Eddy's. From this incomplete review of all of this witness' testimony, we think it is apparent that sufficient foundation was laid for an opinion as to valuation.

The rules controlling this question are succinctly stated in Evans v. State, *supra:* "It is necessary only to show that he has the means of forming an intelligent opinion derived from an adequate knowledge of the nature and kind of property in controversy, and of its value. City and County of Denver v. Lyttle, 106 Colo. 157, 103 P. 2d 1. *It is not essential that every witness expressing an opinion shall have all-inclusive information of every detail of the elements entering into the value.* Lebanon & Nashville Turnpike Co. v. Creveling, 159 Tenn. 147, 17 S. W. 2d 22, 65 A. L. R. 440. It is most difficult to state an all-inclusive rule fixing the qualification of witnesses to give their opinions as to the market value of land. Their testimony is ordinarily received if they *show an acquaintance with the property and are informed as to the state of the market, the weight and credibility of their evidence being for the jury.* Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168; Beebe & Runyan Furniture Co. v. Board of Equalization, 139 Neb. 158, 296 N. W. 764; 1 Orgel on Valuation Under Eminent Domain (2d Ed.), §§ 132 and 135, pp. 564 and 580 respectively." (Emphasis supplied.) From the above, it is clear that the discretionary power of the court in admitting this testimony was not abused. There is no merit in this assignment of error.

Defendant attacks the admissibility of the opinion evidence as to valuation of LeRoy Dawson, coowner and operator of the leasehold with Julia Dawson, his wife. His testimony shows the same familiarity with the property and business as that of his wife. Defendant

again asserts different admissions on impeachment on cross-examination of this witness, and the error in the admission of testimony as to volume of business, and therefore argues there is insufficient foundation. We have already disposed of these contentions as to Julia Dawson, and there is no need to further discuss them as they apply to this witness.

Defendant assigns error in admitting opinion valuation testimony of Eddie Gold, a drive-in restaurant operator for 11 years. This witness had made a study of drive-in restaurants in general and in the vicinity of Lincoln, had made an investigation of the Circle Drive-In business, and had observed and watched the Circle Drive-In operation for some time. The admissibility of valuation testimony of lay witnesses under these circumstances rests in the sound discretion of the court and the correct rule is that where persons are shown to be familiar with the particular land or leasehold in question, they may be permitted to testify as to value before and after the taking. Wahlgren v. Loup River Public Power Dist., 139 Neb. 489, 297 N. W. 833; Johnson v. City of Lincoln, *supra*. They need not be familiar with every element that goes into the determination of market value. Evans v. State, *supra*. Property owners who have lived in the vicinity and know the property are qualified to testify as to value. Johnson v. City of Lincoln, *supra;* 20 Am. Jur., Evidence, § 897, p. 755. Pertinent here also is the cited portion of Evans v. State, *supra*. The qualifications for this witness and his testimony are clearly within the range of the above rules and their application in the cited cases. The argument of the defendant, in essence, is a challenge to the form of words used by the witness and to his credibility. The weight and credibility of this testimony were for the jury. There is no merit to this objection.

Error is assigned in the excessiveness of the verdict. The applicable rule, not necessary to repeat here, is found in Twenty Club v. State, 167 Neb. 37, 91 N. W. 2d 64;

O'Neill v. State, *supra;* and State v. Wixson, *supra.* Defendant's argument in this respect is primarily predicated on the inadmissibility and lack of credibility of the testimony of the witnesses referred to previously in this opinion. As we have pointed out there is no merit in these contentions. Defendant further argues that the testimony as to value of the remainder of the lease furnishes no basis for the verdict, because "there is nothing to compare with it to determine damages, if any." The jury was properly instructed, to which no objection was or now is made, as to the measure of damages as the difference in value before and after the taking. The testimony, especially as to the period from June to about November 1961, of the complete destruction of the volume of business was highly pertinent to this ultimate fact determination by the jury. See, James Poultry Co. v. City of Nebraska City, *supra;* Phillips Petroleum Co. v. City of Omaha, *supra.* Whatever defendant's theory of market value may be, the undisputed evidence in this case shows a complete destruction of access to the business and use of the leasehold during the most productive months of their operation. Highly pertinent here is the observation that the plaintiffs were operating their business at a special and unique location peculiarly accessible to the special type of customers that they catered to. Availability of any other lease for the operation of their business during the short remainder period of time of the lease is practically a fiction. Their loss was substantial and could not be mitigated by them at any time. We have reviewed the evidence, and the amount of the verdict is clearly within the range of the valuation testimony and is amply supported by the direct testimony as to the substantial loss suffered by the plaintiffs. We cannot say that the verdict was excessive.

Defendant assigns errors in the admission of certain exhibits, but does not argue them. We have examined these exhibits and their admissibility is controlled by

the general rule that whenever photographs or exhibits are practically instructive to explain the evidence or aid in their interpretation or application by the jury, they may be admitted in the sound discretion of the court. 32 C. J. S., Evidence, §§ 709 and 713, pp. 611 and 618; Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200. The trial court committed no prejudicial error in the admission of these exhibits in evidence.

For the reasons given in this opinion, the judgment of the trial court is affirmed.

AFFIRMED.