JOHNSON'S APCO OIL COMPANY, INCORPORATED, APPELLANT, v. THE CITY OF LINCOLN, NEBRASKA, APPELLEE.

282 N. W. 2d 592

Filed August 21, 1979. No. 42314.

Edward F. Carter, Jr., of Barney & Carter, P.C., for appellant.

William F. Austin, Lincoln City Attorney, for appellee.

Heard before BOSLAUGH, McCOWN, and CLINTON, JJ., and BURKE and WHITEHEAD, District Judges.

BURKE, District Judge.

The question presented by this appeal is whether a resident owner of a family business, who under our decisions would be competent to express his opinion as to the value of his property in a condemnation action, ceases to be a competent witness of value if he incorporates his business and assumes the status of an officer and stockholder of the corporation.

Johnson's Apco Oil Company, Incorporated, is a family corporation owned by Wilbert Johnson and his wife. The corporation is a retailer of gasoline products and owns the service station located at the southeast corner of Touzalin Avenue and Fremont Street in Lincoln, Nebraska. The corporation purchased the service station in 1970 and Mr. Johnson testified that $35,000 was spent renovating the property.

Prior to 1978 the property was served by four 30-foot-wide curb cuts; two were located on the Fremont side of the property and two were located on the Touzalin side of the property.

In February 1978, the City of Lincoln initiated condemnation proceedings which, while not taking any land, resulted in a diminution of access to and from the service station. One 30-foot curb cut on Fremont and one 30-foot curb cut on Touzalin were eliminated.

While the two remaining points of access are 30 feet wide at the throat, under the new design the curb cut on Fremont is 65 feet wide and the curb cut on Touzalin is 70 feet wide.

At a jury trial to determine whether the landowner's right of access to existing highways had been materially impaired and, if so, to fix the amount of just compensation to be paid, the jury returned a verdict in favor of the condemner.

The condemnee contends that the trial court committed reversible error in refusing to allow Wilbert Johnson, as a resident owner and as one who was familiar with the property and knew its worth, to testify as to its value without further foundation.

The trial court, in refusing to allow Johnson to testify as to value, based his ruling on the fact that the corporation owned the property and, as a stockholder, Johnson was not an owner of property belonging to the corporation in the sense of the word when applied to an individual owner.

The trial court apparently based its ruling on the language found in First Baptist Church v. State, 178 Neb. 831, 135 N. W. 2d 756: "Membership in the church does not bring these witnesses into a relationship with the property so they may testify as to valuation without foundation. An officer or president of a corporation is not an owner of property belonging to the corporation in the sense of the word when applied to an individual owner. There is no presumption in his favor as in the case of an individual owning property, and in order to qualify he must be shown to be familiar with the property and have such a knowledge as to qualify him to testify because of his knowledge of values generally in the vicinity. Omaha Loan & Trust Co. v. Douglas County, 62 Neb. 1, 86 N. W. 936. We come to the conclusion that membership in the church does not qualify them to testify as to the value of the church without further foundation."

While it is true that with stock ownership alone one does not become an owner of property held by a corporation in the sense of the word when applied to an individual owner, yet, do our decisions permitting a resident owner who is familiar with his property and knows its worth to testify as to its value without further foundation rest upon the mere fact that the owner holds legal title to the property? We think not. Rather, our decisions rest upon the owner's familiarity with the property's characteristics, its actual and potential uses, and his experience in dealing with it. This is what qualifies him to testify as to value. Miller v. Drainage District, 112 Neb. 206, 199 N. W. 28; Dawson v. City of Lincoln, 176 Neb. 311, 125 N. W. 2d 908; Thacker v. State, 193 Neb. 817, 229 N. W. 2d 197.

Under this reasoning we hold that it was reversible error for the trial court to refuse to allow Mr. Johnson to testify as to the value of the property without further foundation.

In doing so we do not fashion an inflexible, per se rule. We simply hold that Mr. Johnson, as president of a closely-held family corporation, who was familiar with the property's characteristics, its actual and potential uses, and who had several years experience in dealing with the property, should have been permitted to testify as to the value without further foundation.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.