STATE OF NEBRASKA, APPELLEE, V. MICHAEL J.
JACKSON, APPELLANT.
348 N.W.2d 866

Filed May 11, 1984.  No. 83-375.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

WHITE, J.

Appellant, Michael J. Jackson, was found guilty by a jury in Douglas County, Nebraska, on a two-count information, assault in the second degree, Neb. Rev. Stat. § 28-309 (Reissue 1979), and use of a firearm in the commission of a felony, Neb. Rev. Stat. § 28-1205 (Reissue 1979).  Second degree assault is a Class IV felony, punishable by a fine and/or confinement of up to 5 years.  Use of a firearm to

commit a felony is a Class III felony, punishable by a fine and/or confinement of up to 20 years. Appellant was sentenced to a term of 20 months to 5 years' imprisonment on the second degree assault charge and to a consecutive term of 3 to 5 years' imprisonment for use of a firearm in the commission of a felony.

On December 21, 1982, at about 11:25 p.m., Jackson and a companion were observed from a window in the Old Settlers Bar located at 5250 South 21st Street, Omaha, Nebraska, crouched in the vicinity of two pickup trucks belonging to patrons of the bar. The victim, John Granger, and three others left the bar and ran across the street to the parking lot where the pickups were parked. Appellant was directed to stop and was subsequently tackled and held on the ground by Granger. Jackson struggled with Granger, and Granger struck Jackson across the face at least once. Jackson managed to free his right hand, remove a loaded .22-caliber revolver from his belt area, and shoot Granger once in the upper chest. Jackson escaped, as did his companion, who was concealed in one of the pickups. Police later apprehended both Jackson and his companion. The companion testified at the trial that the purpose of the late evening expedition was to steal something that could be sold in order to obtain a birthday present for the companion's sister, Jackson's girl friend.

Appellant does not maintain that the evidence is insufficient to sustain his conviction, nor does he contend of any errors in the admission of evidence or in the jury instructions. His sole assignment of error is directed at the sentences imposed, that being that the two sentences imposed were for essentially the same crime, thus violating the appellant's right not to be twice placed in jeopardy for the same crime, in accordance with the fifth amendment to the U.S. Constitution. The question for resolution is whether use of a firearm to commit a

felony is a lesser-included offense of second degree assault.

The State argues that the offenses are distinct, and, in any circumstance, even if the offenses were identical or lesser-included, no constitutional prohibition exists against multiple penalties where the Legislature clearly intended such penalties to be imposed.

The definition of what constitutes a lesser-included offense has been extensively litigated in this state. A majority of this court has adopted what may best be termed "The Statutory Elements Theory." In *State v. Lovelace*, 212 Neb. 356, 359, 322 N.W.2d 673, 675 (1982), we defined a lesser-included offense as

"one which is necessarily established by proof of the greater offense. [Citation omitted.] To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. . . ."

For a general discussion of the various theories of lesser-included offenses, see Comment, *State v. Lovelace: The Procrustean State of the Lesser-Included Offense Doctrine in Nebraska*, 17 Creighton L. Rev. 417 (1984).

We should from the beginning indicate that the scope of our inquiry is not directed by the fact that the crimes charged arose out of a single act. As we repeated in *State v. Kuntzelman*, 215 Neb. 115, 119, 337 N.W.2d 414, 417 (1983):

"This court has held that a distinction exists between an offense and the unlawful act out of which it arises, it being possible that two or more distinct offenses may grow out of the same transaction or act; and the rule that a person cannot be twice put in jeopardy . . . has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act."

Citing *State v. Robinson*, 202 Neb. 210, 214, 274 N.W.2d 553, 555-56 (1979).

Reviewing the offenses involved herein, second degree assault is defined in § 28-309, which provides in pertinent part: "(1) A person commits the offense of assault in the second degree if he: (a) Intentionally or knowingly causes bodily injury to another person with a dangerous instrument .... (2) Assault in the second degree shall be a Class IV felony."

The offense of using a firearm or other deadly weapon to commit a felony is defined in § 28-1205 as follows:

(1) Any person who uses a firearm, knife, brass or iron knuckles, or any other deadly weapon to *commit any felony which may be prosecuted in a court of this state*, or any person who unlawfully possesses a firearm, knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state commits the offense of using firearms to commit a felony.

(2) Use of firearms to commit a felony is a Class III felony.

(3) The crime defined in this section shall be treated as a separate and distinct offense from the felony being committed, and *sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed.*

(Emphasis supplied.)

In order to convict appellant of second degree assault, the prosecutor was legally required to prove (1) intent or knowledge, (2) bodily injury to another, and (3) use of a dangerous instrument. Clearly, elements (1) and (2) are irrelevant to the offense of use of a firearm to commit a felony. On the other hand, in order to convict appellant of the offense of use of a firearm, the prosecution was legally required to prove (1) the carrying or possession of a firearm or other deadly weapon, and (2) that said firearm or

deadly weapon was carried or possessed during the commission of *any* felony which may be prosecuted in a court of this state. The second element is not part of the crime of second degree assault. Although factually in this case the prosecution relied on proof of second degree assault in order to secure the use of a firearm conviction, it was not legally required to do so. Proof of any felony which may be prosecuted in a court of this state would have been sufficient. While the evidence offered to prove the violation overlaps, the violation itself is distinctly different. *Legally*, each provision requires proof of a fact which the other does not.

This rationale was used by the eighth circuit in *Kowalski v. Parratt*, 533 F.2d 1071 (8th Cir. 1976), *cert. denied* 429 U.S. 844, 97 S. Ct. 125, 50 L. Ed. 2d 115, to uphold a defendant's multiple convictions and consecutive sentences for both robbery and use of a firearm in the commission of a felony. The court therein stated at 1073: "Although the appellant assumes that count II [use of a firearm in the commission of a felony] *required* proof of the robbery alleged in count I, that is not the case. The weapons statute is satisfied by proof that a weapon was possessed or used during *any* felony." (Emphasis supplied.)

Similarly, in *Wayne Pros v Recorder's Ct Judge*, 406 Mich. 374, 280 N.W.2d 793 (1979), wherein the appellant's convictions for the crimes of armed robbery and felony-firearm were upheld, the court analyzed the issue as follows:

In order to convict the defendant of armed robbery, the prosecution was legally required to prove an assault, a taking and an intent to permanently deprive the owner of his or her property—none of which are legally required to convict the defendant of felony-firearm. On the other hand, in order to convict the defendant of felony-firearm, the prosecution was legally required to prove two things: first, that the de-

fendant carried or possessed a firearm—a fact which is not necessary to secure a conviction for armed robbery (any "dangerous weapon" or "article" used or fashioned so as to lead the victim to believe it is a dangerous weapon will satisfy the "armed" requirement of the armed robbery statute); second, that the firearm was carried or possessed during the course of any felony or attempted felony. *The prosecution was not legally required to prove armed robbery. Any proper felony would have sufficed. Each of these statutes legally requires proof of a fact which the other does not.* Proof of felony-firearm does not necessarily prove armed robbery.

(Emphasis supplied.) *Id.* at 398-99, 280 N.W.2d at 799.

In the instant case appellant was charged with the crime of intentionally or knowingly causing bodily injury to the victim with a dangerous instrument, count I, and the crime of use of a firearm to commit a felony which may be prosecuted in a court of this state, count II. Employing the above-stated rationale, since the prosecution was not *legally* required to prove second degree assault as an element of the crime of use of a firearm, the elements of the two offenses are different. Thus, appellant was convicted of two separate offenses within the meaning of the constitutional prohibition against double jeopardy, and his contentions in that regard are without merit.

A separate and distinct reason presents itself requiring affirmance. As noted in *State v. Kuntzelman*, 215 Neb. 115, 119, 337 N.W.2d 414, 417 (1983):

The U.S. Supreme Court in *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980), held that multiple punishments could be imposed for the same offense without running afoul of the double jeopardy guarantee of the

fifth amendment to the Constitution where it was specifically authorized by state statute.

Section 28-1205 is plain and unambiguous. The statute requires the imposition of a consecutive sentence when a person uses a firearm or other deadly weapon to commit "any felony which may be prosecuted in a court of this state."

The legislative intent being manifest and the multiple sentences not constitutionally infirm, the assignment is without merit and the trial court's judgment is affirmed.

AFFIRMED.

McCOWN, J., Retired, dissents.