Louise **REBUCK** and Jack Wicker, and Otoe County, Nebraska, Appellants,

v.

Arthur **VOGEL**, Jr., and Atchison County, Missouri, Appellees.

Nos. 82–2113, 82–2156.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1983.

Decided Aug. 10, 1983.

Randall L. Rehmeier, Otoe County Atty., Nebraska City, Neb., for appellants.

William L. Walker, Walker & Ludlam, Lincoln, Neb., Jefferson G. Broady, Rock Port, Mo., for appellees.

Before BRIGHT, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Title was quieted in Arthur Vogel, Jr. in land on the north of the present channel of the Missouri River, the district court[1] finding that he had been in open, notorious and exclusive adverse possession under a claim of right of all of it since 1931. The unsuccessful plaintiffs, Louise Rebuck and Jack Wicker, appeal, arguing that the district court erred in denying their request to introduce new evidence after the memorandum decision entered by the court, and that the district court erred as a matter of law in finding Vogel's adverse possession. Other claims of error are made, essentially that other findings of the district court were not supported by substantial evidence. Otoe County, Nebraska intervened and is an appellant. We affirm the judgment of the district court quieting title in defendant.

This case involves a parcel of land near the Missouri River known as Barney Bend.

The conflict arises because of the meandering of the Missouri River channel between 1856 and 1930. The district judge characterized the evidence in the case as follows:

> The clues of the Missouri River's history are numerous but broken by spaces of time, sometimes vague in appearance and at times either inconsistent or inexplicable.

The district court found that the parcel of land had been completely eroded away and that after activities of the United States Corps of Engineers to stabilize the river, the river divided the parcel. Rebuck and Wicker brought this action to quiet title with respect to the parcel south of the river and the parcel north of the river. Vogel made a claim of adverse possession with respect to the parcel north of the present channel of the river, and south and to the right of the present boundary line between Nebraska and Missouri.

The district court entered judgment in favor of Vogel on June 24, 1981 and allowed the parties ninety days within which to file a survey to provide a description of the lands upon which it could grant relief. Vogel filed a survey and description with respect to the parcel north of the river. Rebuck and Wicker submitted a survey, but the district court found that the survey was not usable because it did not describe by metes and bounds and did not follow the theory of the court's findings in the memorandum of June 24, 1981. On August 23, 1982 the order and amended judgment was entered quieting title of the described parcel of land north of the river in Vogel, and declaring that it was in Otoe County, Nebraska. The order denied the prayer of appellants' complaint.

After entry of the judgment of June 24, 1983, appellants Rebuck and Wicker filed a motion under Rule 60(b), Fed.R. Civ.P., to be allowed to introduce into evi-

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

dence two additional maps, one a 1934 Army Corps Reconnaissance map and the other a 1929 Otoe County surveyor's map. The district court denied the motion and found that there was no showing by appellants as to why the proposed evidence was not earlier discovered. Conclusory statements in the motion that the map was not previously available, not readable or not available locally were found to be inadequate. The court further found that all, or nearly all, of the items of newly discovered evidence were public records. The observation was made that the newly discovered evidence would be of little or no assistance to the appellants even if received in evidence.

Following this ruling on March 19, 1982, a second similar motion was filed, and, again, the district court denied the motion. The court observed that the case had been on file between November 14, 1977 and the commencement of trial in May 1981, and that appellants should not be afforded time after trial for discovering evidence.

Appellants claim that the motions were improperly denied. We have earlier ruled:

A Rule 60(b) motion addresses itself to the discretion of the district court, and an appellate court will not disturb the exercise of that discretion in absence of abuse. [Citations omitted.] And it has been said that a motion for relief from judgment involves "a nice balance between the interest in finality and the desire to achieve justice."

*Pioneer Insurance Co. v. Gelt,* 558 F.2d 1303, 1312 (8th Cir.1977).

The arguments of appellant that it was unaware of the value or existence of the exhibits failed to convince us that the district court has abused its discretion. Rather, the record reflects that the rulings were abundantly supported.

■ Not only do appellants claim error in the court's denial of the motion to introduce newly discovered evidence after trial, but at the time of argument attempted to present to this court an additional map that had been discovered between trial and the time of argument. This court considers only the record before the district court. Efforts to supplement the record by affidavits or attachments to the brief are improper. *United States v. Drefke,* 707 F.2d 978, 983 (8th Cir.1983). It follows that the presentation of new exhibits or other material at the time of oral argument are similarly improper because they were not presented to the district court.

■ Appellants further argue that there was error as a matter of law in finding Vogel in exclusive possession of the parcel for more than ten years. Appellants rely primarily, as best we can fathom their argument, that several reports of the Corps of Engineers establish that it had possession of the property in question and that Vogel could not have been in exclusive possession. The evidence in this case was voluminous, with oral testimony coming from numerous witnesses and approximately 200 trial exhibits being received in evidence, approximately half of which were introduced by appellants. There was substantial testimony before the district court of Vogel and witnesses Winkler, Nennemen and Crain to support its findings. Accordingly, we cannot conclude that the district court erred as a matter of law in finding that Vogel was in adverse possession of the land.

Appellants contend that the district court erred in not quieting title to appellants' remaining land, claiming that a survey was not necessary. Appellants also argue that the district court erred in finding that appellants' parcel eroded before 1930 and that there was insufficient evidence to establish that Vogel was in open, notorious and exclusive adverse possession under a claim of right to the parcel.

We have carefully reviewed these arguments of appellants and conclude that there was sufficient evidence to support the findings of the district court. We cannot con-

clude that the findings are clearly erroneous or that the court erred in its conclusions of law.

 We believe that the presence of Otoe County is extraneous to this appeal. The judgment quieting title in Vogel describes the parcel and declares it to be in Otoe County. Otoe County cannot be aggrieved by this decision. The district court refused to quiet title in the other parcel because it did not have a proper description. The judgment of the district court in this case is without prejudice to any further claims Otoe County should desire to make with respect to the parcel of land not declared to be within Otoe County.

 A further word is in order with respect to the briefs filed by the parties. The purpose of a brief is to present the arguments of the party and to convince the court that it should prevail. The briefs in this case in many aspects are nearly incomprehensible and certainly fail in the mission of either educating or convincing the court. One of the briefs contains the beginning and ending page numbers of the testimony of the several witnesses, and then proceeds to discuss the testimony of the witnesses without further specific page references to the transcript. This practice is in violation of Rule 28(e) of the Federal Rules of Appellate Procedure requiring references to the page of the transcript or other documents referred to. As we have said, "We are not required to search the record for error." *Holt v. Sarver,* 442 F.2d 304, 307 (8th Cir. 1971). The briefs should clearly explain the nature of the arguments asserted by the parties, make appropriate references to the record and transcript, and serve to assist the court in deciding the particular case. The briefs in this case have been deficient in this respect.

As we conclude that there is no finding of the district court that is clearly erroneous and no conclusion of law that is in error, we affirm the ruling of the district court for

the reasons stated in the judgments and orders entered by the district court. See 8th Cir. Rule 14.