753 F.2d 716
 36 Fair Empl.Prac.Cas. 1593,
36 Empl. Prac. Dec. P 34,954
Charlotte McDOWELL; James King; Carmen Smith; John
Nimmer; Gwendolyn Doby; Linda Nowden; Sherrill
Russ, Appellants,
v.
SAFEWAY STORES, INC., Appellee.
 No. 84-1041.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 12, 1984.
Decided Feb. 1, 1985.
 
 John W. Walker, P.A. by Ralph Washington, Little Rock, Ark., for appellants.
 Philip K. Lyon, Russell Gunter, Scotty Shively, House, Wallace & Jewell, P.A., Little Rock, Ark., for appellee.
 Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Appellants appeal from the dismissal of their employment discrimination complaints. 575 F.Supp. 1007. Both class action and individual claims are raised; for reversal appellants argue that the district court's[1] findings of fact were clearly erroneous and that the court erred as a matter of law in its method of analyzing the evidence. For the reasons set forth below, we affirm.
 
 
 2
 I. BACKGROUND.
 
 
 3
 We need not recount the facts of this case in detail. Briefly, appellants were employed by the appellee Safeway Stores, Inc. (Safeway) in Safeway's Pulaski County, Arkansas, grocery stores. They sued Safeway in the federal district court under 42 U.S.C. Sec. 1981, alleging race-motivated discrimination against themselves as individuals and against a class of black employees. After a twenty-day trial, at which eighty-three witnesses testified, the district court found that appellants had failed to prove that Safeway practiced racial discrimination and dismissed all class and individual claims.
 
 
 4
 II. DISCUSSION.
 
 
 5
 A. The district court's findings of fact.
 
 
 6
 Appellants argue that the case should be remanded to the district court for additional factfinding because: (1) the court's findings are clearly erroneous, and (2) the court did not independently analyze the evidence but essentially adopted Safeway's proposed findings verbatim.
 
 
 7
 With regard to the contention that the findings are clearly erroneous, the appellants' "argument" does little more than state the standard of review. They fail to demonstrate precisely and with reference to the record why the findings of the district court are clearly wrong. For example, in their brief, they allege that the district court erred in rejecting evidence of disparate treatment. However, the appellants do not call our attention to any specific facts that would demonstrate this error; they merely cite to a mass of exhibits that were introduced at the trial. We have stated before that we will not search the record for error. Rebuck v. Vogel, 713 F.2d 484, 487 (8th Cir.1983). We decline to do so in this case.
 
 
 8
 We note that at oral argument appellants called our attention to some specific conflicts between the testimony of certain witnesses and the facts as ultimately found by the court. Upon closer examination, we are satisfied that these differences do not represent any failure to consider all of the evidence, but merely resulted from the district court's evaluation of the credibility of conflicting witnesses. We are required to give "due regard" to the trial court's opportunity to judge the credibility of witnesses, Fed.R.Civ.P. 52(a), and we have stated that we will only reverse a decision based on an assessment of credibility in "exceptional circumstances." Stanley v. Henderson, 597 F.2d 651, 653 (8th Cir.1979); see NLRB v. Iowa Beef Processors, Inc., 675 F.2d 1004, 1006 (8th Cir.1982) ("We will not overturn findings based on credibility determinations unless they shock our conscience.") No such exceptional circumstances have been demonstrated in this case.
 
 
 9
 Appellants also argue the district court's findings are suspect because they were adopted verbatim from findings proposed by Safeway. We have in the past condemned the "mechanical adoption" of a party's proposed findings of fact and conclusions of law. Jones v. International Paper Co., 720 F.2d 496, 499 (8th Cir.1983). In this case, however, the district court's handling of Safeway's proposed findings of fact cannot be characterized as mechanical adoption. Safeway submitted 627 proposed findings of fact, the appellants submitted 657. The trial court's judgment ultimately contained 396 findings, 85% to 90% of which were adopted verbatim from Safeway's proposals. This demonstrates that the court engaged in a selection process with regard to Safeway's proposed findings, as several hundred of those findings were not adopted. Furthermore, some of the findings were independently authored by the trial court. We have compared the district court's findings to those proposed by Safeway and conclude that many crucial findings in the district court's opinion, especially those concerning the credibility of witnesses, were made by the district judge. While it would always be preferable for a court to write its own findings of fact, we are satisfied that the findings in this case represent the independent analysis and judgment of the trial court and we will not disturb those findings on appeal. Moreover, where each party to an extensive litigation offers hundreds of proposed findings to the trial judge, practical considerations justify the judge's decision not to rewrite those findings which are accepted as proper.
 
 
 10
 B. The district court's method of analysis.
 
 
 11
 Finally, the appellants argue that the court erred as a matter of law because it did not employ the three-step analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Without first determining whether the appellants had established a prima facie case, the court addressed the issue of whether Safeway had a nondiscriminatory justification for its actions. In addition, the court dealt with the issues of justification and lack of pretext in one step instead of two. The Supreme Court recently dealt with a similar situation in United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The Court stated that "the prima facie case method established in McDonnell Douglas was 'never intended to be rigid, mechanized, or ritualistic.' " Id. at 715, 103 S.Ct. at 1482. The issue in an employment discrimination case is always whether the defendant intentionally discriminated against the plaintiff. The district court's opinion concludes that Safeway did not intentionally discriminate and the court's findings adequately support that conclusion.
 
 
 12
 We do not intend by this opinion to abandon the McDonnell Douglas analysis. On the contrary, we believe it should generally be followed because it promotes clear analysis and aids in the presentation of issues on appeal. In this case however the court's failure to follow McDonnell Douglas does not constitute reversible error.
 
 
 13
 III. CONCLUSION.
 
 
 14
 Appellants have not demonstrated the existence of reversible error. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas