959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary BARANEK, Defendant-Appellant.
 No. 91-1027.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before NATHANIEL R. JONES, BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Gary Baranek, a pro se federal prisoner, appeals his conviction and sentence for conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Baranek was named in count one of a sixty-two count superseding indictment handed down June 8, 1988. He was charged with participating in a conspiracy to transport marijuana and cocaine from Florida to Michigan for distribution. Baranek's trial was delayed while the government appealed a district court order granting his motion to suppress evidence of a conversation accidentally recorded during the course of a lawful wiretap when the telephone was left off the hook. This court reversed the district court's order and remanded the case for further proceedings. United States v. Baranek, 903 F.2d 1068 (6th Cir.1990). On September 12, 1990, Baranek was convicted by a jury of the offense as charged. Based upon a total offense level of 28 and a criminal history category of II, the district court sentenced him to 108 months imprisonment and four years supervised release. Judgment was filed on December 20, 1990 and entered on January 2, 1991.
 
 
 3
 Baranek raises six issues on appeal: (1) the district court erred in not allowing him to question jurors about the defendant's right not to testify and about any relationships between jurors and police officers, (2) the district court erred in denying a motion for a mistrial due to the admission of hearsay evidence and evidence of other crimes, (3) the district court erred in not granting immunity to a witness, (4) the district court's instruction on the slight role necessary to prove membership in a conspiracy created an ambiguity for the jury, (5) the district court erred in holding Baranek responsible for between 2 and 3.4 kilograms of cocaine when computing the base offense level, and (6) the district court should have departed downward from the guideline sentencing range because of mitigating circumstances. Baranek also preserves his suppression issue for appeal to the Supreme Court. In addition, Baranek has submitted a motion for appellate bond and a motion to submit new evidence not submitted to the district court.
 
 
 4
 Upon review, we affirm the district court's judgment because the trial court committed no reversible error and the sentence was properly computed under the sentencing guidelines.
 
 
 5
 Baranek's first issue is meritless because the trial court did not abuse its discretion in its handling of Baranek's voir dire requests. See Fed.R.Crim.P. 24(a); United States v. Martin, 740 F.2d 1352, 1359 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985). The district court clearly covered both requested subject areas, although not in the precise form urged by the defendant. The court's voir dire elicited the desired information, however, allowing the defendant sufficient knowledge to exercise his right of peremptory challenge. Consequently, there is no error. See United States v. Carabbia, 381 F.2d 133, 136-37 (6th Cir.), cert. denied, 389 U.S. 1007 (1967).
 
 
 6
 Baranek's second issue is likewise without merit because the trial court did not abuse its discretion in admitting the statements obtained by wiretap to which Baranek objected under the coconspirator exception to the hearsay rule. See Fed.R.Evid. 801(d)(2)(E); United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031 (1989).
 
 
 7
 Baranek next argues that the district court erred when it refused to grant immunity to a proposed defense witness. The district court's ruling was correct. "No court has authority to immunize a witness. That responsibility ... is peculiarly an executive one, and only the Attorney General or a designated officer of the Department of Justice has authority to grant use immunity." Pillsbury Co. v. Conboy, 459 U.S. 248, 261 (1983). See also United States v. Mahar, 801 F.2d 1477, 1495 n. 32 (6th Cir.1986). Moreover, a witness's Fifth Amendment right against compulsory self-incrimination prevails over a defendant's Sixth Amendment right to compulsory process. See United States v. Lenz, 616 F.2d 960, 962-63 (6th Cir.), cert. denied, 447 U.S. 929 (1980).
 
 
 8
 The district court's instruction that only a slight role in the conspiracy need be proven does not require reversal because the charge, taken as a whole, fairly and adequately submitted the issues and explained the applicable law to the jury. See United States v. Buckley, 934 F.2d 84, 87 (6th Cir.1991); Martin, 740 F.2d at 1361. Moreover, contrary to Baranek's contention, the "slight role" charge accurately stated Sixth Circuit law. This court has held that the defendant's connection to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt. See United States v. Gresser, 935 F.2d 96, 101 (6th Cir.), cert. denied, 112 S.Ct. 239 (1991).
 
 
 9
 Baranek's issue regarding the district court's computation of his base offense level is meritless because the district court's factual finding regarding the quantity of drugs for which Baranek should be held accountable is not clearly erroneous. See United States v. Walton, 908 F.2d 1289, 1301-02 (6th Cir.), cert. denied, 111 S.Ct. 273, 530, 532 (1990).
 
 
 10
 U.S.S.G. § 2D1.4, comment. (n.2) provides for a sentencing court's estimation of the amount of drugs involved. After hearing arguments from both sides, the district court found that Baranek was accountable for between 2 and 3.4 kilograms of cocaine and explained its findings. These findings are supported by the evidence, which included testimony about twice-monthly trips by Greg Diehl and/or Dennis Todd to Florida for kilogram quantities of cocaine, expert testimony about the street price of marijuana and cocaine during the period of the conspiracy, the taped conversation between Baranek and his mother concerning the number of his customers and the fact that some were spending up to three-quarters of their paychecks to buy drugs, and the financial records kept by Baranek's mother which the court found related to Baranek's drug buys rather than miscellaneous loans. Thus, the district court's finding of the amount of cocaine which may be reasonably attributed to Baranek and its consequent calculation of Baranek's base offense level are supported by a preponderance of the evidence and are not clearly erroneous.
 
 
 11
 Finally, Baranek argues that the district court erred by failing to depart downward under U.S.S.G. § 5K2.0. However, this court has held that "the failure to depart downward is not directly cognizable on appeal under 18 U.S.C. § 3742(a) if (1) the district court properly computed the guideline range, (2) the district court was not unaware of its discretion to depart downward from the guideline range, and (3) the district court did not impose the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines." United States v. Meyers, 952 F.2d 914, 920 (6th Cir.1992) (citing United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990)). The record shows that the district court met these conditions.
 
 
 12
 In addition, we conclude that both motions submitted by Baranek pending appeal should be denied.
 
 
 13
 Baranek's motion for appellate bond is without merit in light of our disposition of his appeal. Baranek also moves to submit new evidence, in the form of a sound recording analysis, not submitted to the district court. The analysis is of the tape containing call number 476, which provides the most damaging evidence against Baranek.
 
 
 14
 This court can only consider documents which are included in the district court record. Fed.R.App.P. 10(a); Rebuck v. Vogel, 713 F.2d 484, 486 (8th Cir.1983) (per curiam). Moreover, Baranek's argument that admission of the document would alter any findings material to his conviction is not convincing. The report merely opines that the tape in question was stopped and restarted more times than accounted for by the government's testimony, possibly as a result of alteration. Significantly, however, the subject of the wiretap and participant in the taped conversation, Patricia Borch, testified extensively at trial and never raised a question of accuracy or completeness. Nor does Baranek himself point to any actual additions or deletions in the incriminating conversation. His challenge to the tape is purely technical and is insufficient to show that his defense was materially prejudiced or that the trial result is unreliable.
 
 
 15
 Accordingly, the motions for appellate bond and to submit new evidence are denied. The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.