46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary BARANEK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1001.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gary Baranek was named in a sixty-two count indictment charging him with participating in a conspiracy to transport marijuana and cocaine. His trial was initially delayed pending an appeal by the government of a district court's order granting a motion to suppress evidence of a conversation accidentally recorded during a lawful wiretap. The suppression order was reversed on appeal. United States v. Baranek, 903 F.2d 1068 (6th Cir.1990). Following the jury trial, Baranek was convicted of conspiracy to possess with intent to distribute controlled substances and sentenced to serve 108 months of imprisonment and four years of supervised release. His conviction and sentence were affirmed. United States v. Baranek, No. 91-1027, 1992 WL 60217 (6th Cir. Mar. 27, 1992) (unpublished).
 
 
 3
 In his motion to vacate sentence, Baranek proffered new evidence that the recording of the conversation was altered, that the recording was unreliable and that evidence of his involvement in the drug scheme was otherwise insufficient to support the conviction. He also asserted that his trial counsel was ineffective for failing to establish the unreliability of the recording and that he should receive sentence credit for time spent on bond.
 
 
 4
 The district court noted that allegations concerning alteration of the recording were addressed on direct appeal and found meritless. The district court also determined that Baranek did not demonstrate any prejudice from trial counsel's performance, that his claim of insufficient evidence, flowing from the allegation that the tape had been altered, lacked merit, and that Baranek was not entitled to credit for time spent on bond. The motion to vacate was denied; Baranek's motion for reconsideration was also denied.
 
 
 5
 On appeal, Baranek argues that his claim of new evidence has not yet been reviewed on the merits, and he reasserts that his counsel was ineffective. Additionally, he contends that recent clarifications of the sentencing guidelines require resentencing.
 
 
 6
 Upon review, we conclude that the motion to vacate was properly denied. Baranek has not demonstrated a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it results in a denial of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Baranek's arguments based on the alleged alteration of the tape recording are in vain. As noted by the district court, Baranek included his claim of an altered tape in his argument on direct appeal of his conviction and sentence. The court of appeals observed that evidence of an analysis of the tape recording was not a part of the district court record and could not serve as a basis for the decision on appeal. Baranek, 1992 WL 60217, at * 3. The court further commented that Baranek's claim was unavailing: "His challenge to the tape is purely technical and is insufficient to show that his defense was materially prejudiced or that the trial result is unreliable." Id. Contrary to Baranek's assertions, the merits of his claim have been afforded review.
 
 
 8
 Baranek's claim of ineffective assistance of counsel lacks merit. To establish a claim of ineffective assistance of counsel, Baranek must show that counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Baranek has not met this standard. As previously noted, this purely technical argument is insufficient to establish a reasonable probability of a different outcome.
 
 
 9
 Baranek's claim that he is entitled to resentencing is not before the court because it was not raised in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Baranek's claim that he is entitled to credit for time spent on bond is deemed abandoned because he does not raise the issue on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.